FILED
KENNETH J. MURPHY
CLERK

03 OCT 22 AM 10: 16

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO – WESTERN DIVISION

Mark R. Hoop and Lisa J. Hoop

Plaintiffs/Counterclaim Defendants

v.

Jeffrey W. Hoop, Stephen Hoop and Hoopsters Accessories, Inc.

Defendants/Counterclaim Plaintiffs

CASE NO. C-100-869

JUDGE SUSAN J. DLOTT

**RESPONSE TO MOTION FOR CONTEMPT**

Timothy A. Magee
2600 N. Reynolds Rd., Suite 102D
Toledo, OH 43615
419-535-6830

Now comes Plaintiffs/Counterclaim Defendants, Mark R. Hoop and Lisa J. Hoop (hereafter "Plaintiffs") who hereby respond to Defendants/Counterclaim Plaintiffs Jeffrey W. Hoop, Stephen E. Hoop, and Hoopster Accessories, Inc. (hereafter "Defendants") motion for contempt as follows:

Defendants allege Plaintiffs violate this court's order of March 2, 2001, granting Defendants' Motion for Preliminary Injunction and denying Plaintiff's Motion for Stay of Injunction. The injunction prohibits Plaintiffs from "(1) making; (2) using; (3) selling; (4) offering for sale; or (5) participating in the making, using, selling, or offering for sale any motorcycle fairing guard setting forth or otherwise containing the design claimed in United States Design Patent No. 428,831 or any design reasonably equivalent." The patent design in question is that of eagle fairing guards that are the subject of this litigation.

As grounds for Defendants' allegation that Plaintiffs violated the Court's order,

Defendants state that on September 2, 2003, Stephen Hoop purchased a set of Eagle Fairing Guards, that "had been manufactured, packaged, and distributed by Plaintiffs, from Daytona Harley-Davidson at 290 North Beach Street in Daytona Beach, Florida." See Defendants' Motion, page 2. It should be noted that in fact it was Defendants' attorney, Stella B. House, who purchased the fairing guards in question, not Stephen Hoop. See credit card receipt, Defendants' Exhibit B. Plaintiffs admit the fairing guards in question came from an affiliate of Plaintiffs Mark Hoop. However, at no time did the Plaintiffs violate this Court's injunction.

Plaintiffs timely appealed the Denial of their Motion to Stay to the United States Court of Appeals For the Federal Circuit. Plaintiffs' Appeal was found to have merit, as "Mark and Lisa Hoop's Motion for Stay, pending appeal, is granted." See page 4 of the Appeals Court decision, attached in full as "Exhibit A." The Appeals Court's order granting Plaintiffs' motion for stay of the injunction was entered on June 7, 2001. As of that date, Plaintiffs were free to sell the eagle fairing guards. The fairing guard that Ms. House purchased was in fact sold to Daytona Harley-Davidson on October 15, 2001, after the Appeals Court had granted Plaintiffs' stay. See attached Order and Invoice, "Exhibit B."

Although Plaintiffs' Appeal of the preliminary injunction was ultimately denied on or about February 10, 2002, the stay of injunction was in effect up until that time. The fairing guards in question were a one-time purchase that was clearly done during the time period in which the injunction was not in effect. Thus Defendants' Motion for Contempt should be denied.

Furthermore, Plaintiffs long ago disclosed the sale of the fairing guards to Daytona Harley-Davidson in Plaintiffs' Response to Defendants' discovery requests. Defendants' knew, or should have known with any reasonable review of their own records, that Plaintiffs did not

violate the Court's injunction. Defendants' Motion is a blatant attempt to manufacture a contempt case where none exists. Defendants' Motion is frivolous and as such Plaintiffs would request Defendants be sanctioned and Plaintiffs be awarded attorney fees incurred as a result of having to respond to Defendants' Motion and attend the hearing of this matter.

Respectfully Submitted,

Timothy A. Magee, Esq.
0066023
2600 N. Reynolds Road
Suite 102D
Toledo, Ohio 43615
Phone: 419.535.6830
Fax: 419.535.6838
Counsel for Plaintiff

**Certificate of Service**.

The foregoing document was mailed to Stella B. House, J.D., Post Office Box 422, Manchester, Kentucky 40962-0422, via ordinary mail on this 21st day of October, 2003.

Timothy A. Magee, Esq.
Counsel for Plaintiff

Ref. Doc. A

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

01-1288

MARK R. HOOP and LISA J. HOOP,

Plaintiffs-Appellants.

v.

JEFFREY W. HOOP, STEPHEN E. HOOP, and HOOPSTERS ACCESSORIES, INC.,

Defendants-Appellees.

ON MOTION

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

ORDER

Mark R. Hoop and Lisa J. Hoop (hereinafter "Mark and Lisa Hoop") move for a stay, pending appeal, of the preliminary injunction of the United States District Court for the Southern District of Ohio, prohibiting Mark and Lisa Hoop from making, using or selling eagle-shaped motorcycle fairing edge guards. Jeffrey W. Hoop, Stephen E. Hoop, and Hoopsters Accessories, Inc. (hereinafter the "Hoop brothers") oppose. Mark and Lisa Hoop reply. The Hoop brothers move to dismiss Mark and Lisa Hoop's appeal as untimely. Mark and Lisa Hoop oppose. The Hoop brothers reply.

| Post-it® Fax Note 7671 | Date 6/11/01 | # of pages ▶ 4 |
| --- | --- | --- |
| To MARK HOOP | From AL MANGELS | |
| Co./Dept. | Co. | |
| Phone # | Phone # | |
| Fax # | Fax # | |



Ref. Doc. A

The Hoop brothers approached Mark and Lisa Hoop* about assisting the brothers with the preparation of eagle-shaped motorcycle fairing guards. The Hoop brothers gave Mark and Lisa Hoop an initial sketch of an eagle, and Lisa Hoop, an artist, created a detailed drawing of an eagle. After approval of the drawing, Mark Hoop, a tool and die engineer, made a casting die. At some point, it appears that relationships among the various Hoops deteriorated.

The Hoop brothers applied for a design patent, using photographs of the fairing guards. Mark and Lisa Hoop also applied for a design patent, using drawings of the fairing guards. The Hoop brothers obtained a design patent on August 1, 2000. Mark and Lisa Hoop obtained a design patent on September 26, 2000.

Mark and Lisa Hoop sued the Hoop brothers under 35 U.S.C. § 291 (interfering patents) to declare the Hoop brothers' patent invalid, for patent infringement, and for relief pursuant to various state law claims. The Hoop brothers filed counterclaims. The Hoop brothers moved for a preliminary injunction. The district court, on February 28, 2001, stated that the Hoop brothers' motion was granted. That order set forth the district court's findings and conclusions but did not expressly enjoin any certain conduct. Two days later, in an order dated March 2, 2001, the district court stated that "to set forth the scope of the injunction in detail pursuant to Federal Rule of Procedure 65(d), the Court hereby enjoins Plaintiffs Mark R. Hoop and Lisa Hoop, together with their agents, servants, employees, and attorneys, and upon those persons in active concert with them who receive actual notice of the order by personal service or otherwise, from (1) making; (2)

---

* Mark Hoop is a first cousin of the Hoop brothers. Lisa Hoop is Mark's former wife.

Ref. Doc A

using; (3) selling; (4) offering for sale; or (5) participating in the making, using, selling, or offering for sale: any motorcycle fairing guard setting forth or otherwise containing the design claimed in United States Design Patent No. 428,831 or any reasonably (sic) equivalents. The defendants shall post a bond in the amount of $10,000.00 with the Clerk of the Court."

Mark and Lisa Hoop filed their notice of appeal on April 2. Although that was timely to appeal from the March 2 order, the Hoop brothers argue that the injunction issued on February 28 and that the appeal is untimely from that order. Mark and Lisa Hoop argue that the second order was the actual injunction. We agree with Mark and Lisa Hoop that the second order, expressly enjoining certain conduct, was an injunction and that they timely filed their appeal from that injunction which encompasses the earlier-issued findings and conclusions.

Turning to the motion for a stay of the injunction, Mark and Lisa Hoop argue that the district court incorrectly determined that the Hoop brothers, and not Mark and Lisa Hoop, were the true inventors of the patented design. Mark and Lisa Hoop argue that they are the inventors because they created the design that appears on the design patent. The Hoop brothers argue that they conceived the idea of the eagle-shaped motorcycle fairing guards and thus they are the inventors.

To obtain a stay pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in his or her favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as

Ref. Doc A.

they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

This case presents a novel issue, i.e., inventorship in a design patent case. Based upon the papers submitted, and without predetermining the ultimate result in this case, we believe that Mark and Lisa Hoop have shown a sufficient likelihood of success on the issue whether they should have been named as inventors or, perhaps, co-inventors. Thus, they are entitled to a stay of the injunction, pending appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Hoop brothers' motion to dismiss is denied.

(2) Mark and Lisa Hoop's motion for a stay, pending appeal, is granted.

FOR THE COURT

JUN - 7 2001
Date

Arthur J. Gajarsa
Circuit Judge

cc: Alfred J. Mangels, Esq.
Hal K. Litchford, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
JUN - 7 2001
JAN HORBALY
CLERK

ALFRED J. MANGELS
Attorney at Law

4729 Cornell Road
Cincinnati, Ohio 45241-2433
Telephone (513) 469-0470

Patent, Trademark & Copyright Law
Fax (513) 489-6030

Ref. Doc B.

| NAME | NUMBER | DATE |
|---|---|---|
| AME[illegible]AN AESTHETICS | 19180 | 10/15/01 |
| CAP | | |

| ACCT# | AMOUNT | CTRL# | DESC | DATE |
|---|---|---|---|---|
| 242 | 820.00 | | EAGLE FAIRING GUARDS | 10/15/01 |

REMITTANCE ADVICE
DETACH AND RETAIN

**DAYTONA HARLEY-DAVIDSON**
DAYTONA BEACH, FL 32114

| CHECK NO. | NET AMOUNT | |
|---|---|---|
| 46502 | | $820.00 |

Ref. Doc B 1-904-258-0638

**American Aesthetics Order Sheet** **Date.** 10/16/01

**Dealer** Daytona Harley Davidson

**Address** 290 N. Beach Street
Daytona Beach FL

**Payment method**
**C.O.D. Money order or Cashiers Check**
**Credit Card**

**Model Year** **Chrome** **Gold**

**Phone** 1 800-307-4464
**Fax**

| | | |
|---|---|---|
| 3 SETS 83-95 chrome | 80.00/set | 240.00 |
| 3 sets 95-02 chrome | 80.00/set | 240.00 |
| 2 sets 83-95 Gold | 85./set | 170.00 |
| 2 sets 95-02 Gold | 85/set | 170.00 |

TOTAL 820.00