IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | District Judge Susan J. Dlott |
| v. | ) | |
| | ) | **PLAINTIFFS' RENEWED MOTION IN** |
| | ) | **LIMINE RELATIVE TO THE** |
| Jeffrey W. Hoop, et al., | ) | **REEXAMINATION PROCEEDING** |
| | ) | |
| Defendants. | ) | |

Plaintiffs, by and through their attorney, and pursuant to the provisions of Local Civ R. 7.2, hereby respectfully move the Court for an Order prohibiting Defendants' counsel and each of Defendants' witnesses from offering any and all comment, testimony, documents, and argument that would inform the jury in this proceeding of the reexamination proceeding instituted by Defendants and presently pending in the U.S. Patent and Trademark Office relative to Plaintiffs' design patent.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

## MEMORANDUM IN SUPPORT

Defendants, through an attorney associated with their Florida patent law firm (Frank C. Eisenschenk, Ph.D., Esq. of the firm of Saliwanchick, Lloyd & Saliwanchick) instituted a reexamination proceeding in the PTO directed to Plaintiffs' design patent that is involved in this action. The Patent and Trademark Office initially concluded that the existence of Defendants' previously-filed patent application warranted rejection of Plaintiffs' patent, to which rejection Plaintiffs' submitted a rebuttal argument.

The purpose of a reexamination proceeding is to allow the Patent and Trademark Office to reconsider and to reexamine an issued patent. The basis asserted by Defendants was their earlier filing of their own patent application. Although the Request for Reexamination only identified attorney Frank C. Eisenschenk as the requestor, and did not specifically identify either of the Defendants, the fact that the Defendants were the real party in interest in instituting that proceeding emerged when the firm of Salawanchick, Lloyd & Saliwanchick requested approval to withdraw as counsel on the ground that their client did not pay them for the legal services that had been rendered (see attached Exhibits A and B, which are true copies of documents received by the undersigned from the Patent and Trademark Office in connection with the reexamination proceeding). That withdrawal request, which also provided the name and address of Jeff Hoop as the person to whom future correspondence was to be directed, was approved, clearly showing that Jeff Hoop was instrumental in instigating that proceeding.

Although the reexamination proceeding is still pending, no final determination has as yet been made. Plaintiffs responded to the initial rejection in part by pointing out that the matter of interfering patents between the patents in issue in this proceeding was pending before this Court. They further responded by pointing out that in any event the issue raised by the

reexamination proceeding is not one of priority of invention, but one of inventorship, which is an issue that is outside the proper scope of a reexamination proceeding. On January 8, 2003, the Patent and Trademark Office issued a "Decision on Petition" (see Exhibit C attached) suspending the reexamination proceeding pending the outcome of this action. Significantly, the Patent and Trademark Office stated that it would "decide upon its position in this reexamination application" only after a decision is reached in the present action. Accordingly, there is currently no final decision by the Patent and Trademark Office regarding the reexamination, and therefore any mention of the existence of that proceeding, or of any aspect of it, in the trial of this case is premature, inappropriate, and irrelevant.

I.

### THE REEXAMINATION PROCEEDING IS IRRELEVANT

Plaintiffs' counsel believe it likely that Defendants will attempt to call attention to the reexamination proceeding during the trial in an effort to influence the jury to draw a negative conclusion about the validity of Plaintiffs' design patent. In that regard, any disclosure to the jury of the existence of the reexamination proceeding would likely have a high potential to unduly influence the jury against Plaintiffs, and it would therefore be unfairly prejudicial to Plaintiffs to allow any mention of that proceeding before the jury at the trial. In addition to its unfairly prejudicial effect on Plaintiffs, the exclusion of the disclosure of any facet of the reexamination proceeding would not operate to prejudice Defendants. That Jeff Hoop instigated the filing of a request for reexamination that is still pending and in which no final determination has been made is of no probative value to the issues in this case. That filing and the existence of that proceeding without a final determination is not an operative fact that can determine any fact or issue in this case.

II.

<u>EVEN IF RELEVANT, MENTION OF THE REEXAMINATION SHOULD BE EXCLUDED</u>

Even if testimony or comment relative to the reexamination proceeding were to be considered to have some relevance to the issues in this case, it should be excluded as likely to be unfairly prejudicial to Plaintiffs and as likely to mislead the jury. In that regard, Fed. R. Evid. 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury..." Because of the absence of a final decision by the Patent and Trademark Office, the probative value of any evidence or mention of the reexamination is far outweighed by the danger of the unfair prejudicial effect on Plaintiffs should mention of that proceeding be permitted.

III.

<u>THE SPERBERG CASE DOES NOT PRECLUDE THE RELIEF REQUESTED</u>

In its earlier dismissal without prejudice of the previously-filed motion in limine directed to the reexamination proceeding, the Court made reference to *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975). However, that case is distinguishable in that it involved the exclusion by the trial court of testimony that was significant in that it had a bearing on the issue of possible bias or interest on the part of an expert witness. And although the Sixth Circuit said in *Sperberg* that "Orders in limine which exclude broad categories of evidence should rarely be employed," the present request is not directed to a broad category of evidence, but a very narrow one, and one that nevertheless could have a significant unfair prejudicial effect on Plaintiffs.

-5-

## CONCLUSION

Because of the lack of relevance of the reexamination in view of the lack of finality of that proceeding, mention before the jury of any aspect of that proceeding should be excluded. Additionally, even if considered to have possible relevance, the potentially unfair prejudicial effect on Plaintiffs of any mention before the jury of that proceeding by anyone connected with Defendants far outweighs the probative value of such mention. Accordingly, an Order precluding any mention or testimony of the reexamination proceeding is warranted and is respectfully requested.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:

Timothy A. Magee, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' RENEWED MOTION IN LIMINE RELATIVE TO THE REEXAMINATION PROCEEDING, together with the MEMORANDUM IN SUPPORT, were served upon trial counsel for Defendants this 20th day of January 2004, by facsimile transmission and by first-class mail, postage prepaid, addressed to:

> Stella B. House, Esq.
> STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422

Jan 20, 2004
Date

Alfred J. Mangels
Trial Attorney for Plaintiffs