IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | District Judge Susan J. Dlott |
| v. | ) | |
| | ) | **PLAINTIFFS' RENEWED MOTION IN** |
| Jeffrey W. Hoop, et al., | ) | **LIMINE RELATIVE TO THE** |
| | ) | **PRELIMINARY INJUNCTION** |
| Defendants. | ) | |

      Plaintiffs, by and through their attorney, and pursuant to the provisions of Local Civ R. 7.2, hereby respectfully move the Court for an Order prohibiting Defendants' counsel and each of Defendants' witnesses from any and all comment, testimony, and argument that would inform the jury in this proceeding of the Preliminary Injunction that was issued by this Court against Plaintiffs, or of the basis upon which the injunction issued, including this Court's conclusions, as well as to the appeal of that injunction, including the appellate court's decision.

      Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

**MEMORANDUM IN SUPPORT**

Plaintiffs have been preliminarily enjoined by this Court from any acts that would constitute infringement by them of Defendants' design patent. That injunction was affirmed by the Court of Appeals for the Federal Circuit. The appellate court held that this Court "could permissibly conclude at the preliminary injunction stage" that Defendants were likely to succeed on the merits, based upon this Court's assessment of the similarity of the designs produced by the parties. But that court also stated, "However, final resolution of this factual question must await a trial on the merits." 279 F.3d 1004, 1008 (Fed. Cir. 2002).

I.

### MENTION BEFORE THE JURY OF THIS COURT'S PRELIMINARY INJUNCTION DECISION WOULD BE UNFAIRLY PREJUDICIAL TO PLAINTIFFS

Plaintiffs' counsel believe it is likely that Defendants will attempt to bring to the attention of the jury the existence of the preliminary injunction, and also this Court's preliminary assessment of the similarity of the designs. Any such mention of the injunction or of this Court's preliminary assessment of similarity is likely to improperly influence the jury to conclude negatively about the validity of Plaintiffs' design patent and their copyrights. The likely prejudicial effect on Plaintiffs of mention before the jury of this Court's decision and conclusions reflected in the preliminary injunction would clearly operate as a direct indication of this Court's preliminary view of the merits of this case, a view that was based upon the documentary record as it then existed, and not upon direct and cross-examination of fact witnesses and expert witnesses in a trial setting.

The question of the similarity of the designs produced by the respective parties is a critical question of fact in this case. It was said by the appellate court to be one that must be

decided at the trial. Accordingly, because it is a fact issue for the jury, and because it is a question to be determined by the jury after trial of that issue based upon all the lay witness testimony, the expert witness testimony, and the documentary and other physical evidence that will be introduced, it would be unfairly prejudicial to Plaintiffs for Defendants to mention or make reference in any way to this Court's preliminary determination concerning the similarity of the designs. In that regard, the factual record expected to be made before the jury at the trial will differ significantly from the record as it existed at the preliminary injunction stage.

Moreover, even if testimony or comment relative to the preliminary injunction were to be considered to have some relevance to the issues in this case, it should be excluded as likely to be unfairly prejudicial to Plaintiffs and as likely to mislead the jury. In that regard, Fed. R. Evid. 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury..." Because the question of the similarity of the designs is a jury question that is dependent upon a trial on the merits, as held by the Court of Appeals, any possible probative value of any evidence or mention of the preliminary injunction is far outweighed by the danger of the unfair prejudicial effect on Plaintiffs should any mention of that matter be permitted.

II.

### THE SPERBERG CASE DOES NOT PRECLUDE THE RELIEF REQUESTED

In its earlier dismissal without prejudice of the previously-filed motion in limine directed to the preliminary injunction, the Court made reference to *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975). However, that case is distinguishable in that it involved the exclusion by the trial court of testimony that was significant in that it had a bearing

on the issue of possible bias or interest on the part of an expert witness. And although the Sixth Circuit said in *Sperberg* that "Orders in limine which exclude broad categories of evidence should rarely be employed," the present request is not directed to a broad category of evidence, but involves a very narrow matter, and one that nevertheless could have a significant unfair prejudicial effect on Plaintiffs.

## CONCLUSION

Because of the highly unfairly prejudicial effect on Plaintiffs, an Order should issue that there be no mention or reference to the injunction or to this Court's preliminary assessment of similarity of the designs in the presence of the jury during the course of the trial.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:

Timothy A. Magee, Esq.

-5-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' RENEWED MOTION IN LIMINE RELATIVE TO THE PRELIMINARY INJUNCTION, together with the MEMORANDUM IN SUPPORT, were served upon trial counsel for Defendants this 20th day of January 2004, by facsimile transmission and by first-class mail, postage prepaid, to:

        Stella B. House, Esq.
        STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
        Post Office Box 422
        Manchester, Kentucky 40962-0422

_Jan. 20, 2004_
Date

Alfred J. Mangels
Trial Attorney for Plaintiffs