

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CIVIL ACTION NO. C-1-00-869**

MARK R. HOOP and
LISA J. HOOP

PLAINTIFFS/
COUNTERCLAIM DEFENDANTS

V.

**MOTION IN LIMINE**

JEFFREY W. HOOP, STEPHEN E. HOOP, and
HOOPSTERS ACCESSORIES, INC.

DEFENDANTS/
COUNTERCLAIM PLAINTIFFS

Defendants/Counterclaim Plaintiffs, Jeffrey W. Hoop, Stephen E. Hoop ("Stephen"), and Hoopsters Accessories, Inc. (collectively "Defendants"), by counsel, move the Court for an Order prohibiting Plaintiffs/Counterclaim Defendants, Mark R. Hoop and Lisa J. Hoop (collectively "Plaintiffs"), and their legal counsel and each of their witnesses from offering any and all arguments, comments, documents, and/or testimony in support of a claim for breach of contract on the part of Defendants, including, without limitation, any testimony from expert witnesses regarding damages for breach of contract, or any claim that Plaintiffs are co-inventors of the patented design. As grounds for this Motion, Defendants state that Plaintiffs moved the Court for leave to file a Second Amended Complaint on May 21, 2002 (Docket #51). In Plaintiffs Memorandum in Support of this Motion for Leave to File Second Amended Complaint, Plaintiffs stated:

> A new count has been included in the appended SECOND AMENDED COMPLAINT, Count III, in which Plaintiffs each allege a breach of contract on the part of the Defendants. Lisa Hoop was never paid by Defendants for her package design artwork and her web site artwork, which Defendants had authorized and the results of which were provided to Defendants. Additionally, Mark Hoop was never paid for his time devoted to proving the feasibility of manufacturing eagle design fairing guards by a die casting process, nor for the ancillary trimming and other equipment that was necessary for manufacturing the fairing guards in quantity.

> Regarding the payment due Mark from Defendants, the understanding between the parties, which was proposed by Mark and was accepted by Defendants, was that Mark would be reimbursed for his out-of-pocket expenses for materials and for his travel costs incident to his efforts to make a die casting mold that could be used to manufacture eagle fairing guards. However, any compensation for Mark's time involved in making and developing the die casting mold and in proving the feasibility of producing the eagle-design fairing guards by die casting would be contingent upon Mark's successfully producing die cast, three-dimensional fairing guards having the eagle ornamental design that had been prepared in two-dimensional form by Lisa Hoop. Although Mark satisfied that condition by delivering acceptable die cast eagle fairing guards to Defendants, Defendants never paid Mark for his time, nor for his cots incurred for producing the ancillary equipment needed for manufacturing the guards in quantity, despite his request that they do so. Defendants accepted die cast fairing guards provided by Mark as evidence of feasibility of manufacture. In fact, Defendants demonstrated their acceptance of Mark's efforts by having photographs made of the eagle-design die-cast fairing guards provided to them by Mark, and by submitting those photographs to the Patent and Trademark Office as the drawings for their design patent application. Thus, although Mark fulfilled his self-imposed obligation to demonstrate feasibility, which was agreed to by Defendants, Defendants never satisfied their part of the bargain.

Defendants objected to Plaintiffs' request to add a count for breach of contract to their Complaint (Docket #54 ¶ 2) and the modification of the prayer for relief to request a declaration that Plaintiffs are co-inventors of the patented design (Docket #54 ¶3). On August 29, 2002, Honorable Susan J. Dlott, United States District Court Judge, denied Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket #66).

**WHEREFORE**, Defendants, by counsel, respectfully request the Court for an Order prohibiting Plaintiffs and their legal counsel and each of their witnesses from offering any and all arguments, comments, documents, and/or testimony in support of a claim for breach of contract on the part of Defendants, including, without limitation, any testimony from expert witnesses regarding damages for breach of contract, or any claim that Plaintiffs are co-inventors of the patented design.

STELLA B. HOUSE,
ATTORNEY-AT-LAW, P.S.C.
Post Office Box 422
Manchester, Kentucky 40962-0422
(606) 598-1485

By: Stella B. House, gp
Stella B. House, J.D.
Counsel for Defendants/
Counterclaim Plaintiffs
Kentucky Bar No. 81805

**NOTICE**

The foregoing Motion in Limine will be heard on February 2, 2004, or, in the alternative, at the convenience of this Honorable Court.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By: Stella B. House, gp
Stella B. House, J.D.
Counsel for Defendants/
Counterclaim Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that an accurate copy of the Motion in Limine was sent to Alfred J. Mangels, Esq., Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on January 16, 2004.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By: Stella B. House, gp
Stella B. House, J.D.
Counsel for Defendants/
Counterclaim Plaintiffs

cc: amangels@fuse.net
dlott_chambers@ohsd.uscourts.gov
alyson_stang@ohsd.uscourts.gov