FILED
JAMES BONINI
CLERK

04 JAN 23 PM 3: 38

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

|  |  |  |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' REVISED PROPOSED SPECIAL JURY INSTRUCTIONS

Attached are Plaintiffs' revised proposed special jury instructions, aggregating 21 special instructions (numbered from 1 through 19 and including new instructions 10A and 10B), which Plaintiffs request the Court to present to the jury along with the Court's general instructions.   The attached instructions correspond in substance with those that were filed on February 21, 2003 (Docket No. 72).  However, some of the earlier-filed instructions have been revised, and new instructions 10A and 10B have been added.   Accordingly, the attached proposed instructions supercede those that were filed previously.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

## Plaintiffs' Requested Instruction No. 1

Each side in this case claims to be the inventors of the ornamental design that is shown in the design patents that were issued by the U.S. Patent and Trademark Office. Each side also claims to be the authors of the copyrighted works that were the subjects of two copyright registrations that were issued by the U.S. Copyright Office, one to Lisa Hoop alone and the other to Lisa Hoop and Mark Hoop jointly. It will be for you to decide the facts that affect the determination of who are the true inventors of the patented ornamental design and who are the true authors of the copyrighted works.

With respect to copyrights, there are several definitions of terms used in connection with copyrights that I will give you to help guide you in your deliberations.

First, a work is "created" when it is fixed in some tangible form for the first time. A work is "fixed" in a tangible form when it is in a form that is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated. And where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time. Where the work has been prepared in different versions, each version constitutes a separate work. 17 U.S.C. § 101

In the context of the copyright law the author of a work is the person who is the originator or the maker of the copyrighted work.

*Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 346 (1991).

A "joint work" is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. 17 U.S.C. § 101

The author of a work is initially the owner of the copyright rights in that work. The authors of a joint work are initially the co-owners of the copyright rights in the joint work.

17 U.S.C. § 201(a)

## Plaintiffs' Requested Instruction No. 2

This case involves pictorial or graphic works in the form of two-dimensional drawings of an eagle design for a motorcycle fairing guard.  It also involves a sculptural work in the form of a three-dimensional article that is an eagle-design fairing guard.

"Pictorial, graphic, and sculptural works" in the context of the copyright law include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, diagrams, models, and technical drawings.  Such works include works of artistic craftsmanship insofar as their form is concerned, but not insofar as their mechanical or utilitarian aspects are concerned.  The design of a useful article can be considered to be a pictorial, graphic, or sculptural work only if, and only to the extent that, the design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the useful aspects of the article.

A useful article under the copyright law is an article having a useful function that is not merely to portray the appearance of the article

17 U.S.C. § 101

**Plaintiffs' Requested Instruction No. 3**

You have heard testimony and have seen exhibits that show which individuals took which steps toward the development and putting into final form the designs that were copyrighted. In that regard, copyrightable works are either original works, works that an author created himself or herself, or works that are based upon a previously-existing work.

If a work is based upon a previously-existing work it is referred to as a derivative work. A derivative work can be a translation, a musical arrangement, a dramatization, a fictionalization, a motion picture version, a sound recording, an art reproduction, an abridgment, a condensation, or any other form in which a preexisting work can be recast, transformed, or adapted. When a work consists of editorial revisions, annotations, elaborations, or other modifications, which, taken as a whole, represent an original work of authorship, it is a derivative work.

17 U.S.C. § 101

A copyright in a derivative work extends only to the material contributed by the author of that work, as distinguished from the preexisting material that may be present in the work. The copyright in a derivative work does not imply any exclusive right in the preexisting material. Thus, a copyright for a derivative work is separate and independent from any copyright in the preexisting work.

17 U.S.C. §103(b)

If you find that the line drawing made by Lisa Hoop is an independent creation then it is not a derivative work but an original work. However, if you find that the line drawing made by

Lisa Hoop is based upon a preexisting work, then that line drawing is a derivative work. In that event, the sculptural work would also be a derivative work. Such derivative works are capable of being individually copyrightable.

### Plaintiffs' Requested Instruction No. 4

You have heard testimony that Lisa Hoop and Mark Hoop were hired by Stephen Hoop and Jeffrey Hoop. And Stephen Hoop and Jeffrey Hoop claim ownership of the results of Lisa Hoop's and Mark Hoop's efforts in connection with the eagle-design fairing guards. In order for Stephen Hoop and Jeffrey Hoop to be the owners of the results of those efforts, those results must be found to be what is known as a "work made for hire."

A work is considered to be a "work made for hire" under either of two situations-

First, if it is a work that is prepared by an employee within the scope of his or her employment;

or

Second, if it is a work that specially ordered or commissioned for use in one of the following categories

as a contribution to a collective work,

as a part of a motion picture or other audiovisual work,

as a translation,

as a supplementary work,

as a compilation,

as an instructional text,

as a test,

as answer material for a test, or

as an atlas.

In the second situation, there is an additional requirement, which is that the parties agree in a writing that is signed by each them that the work is to be considered to be a work made for hire.

In connection with what is a "supplementary work," it is a work that is prepared for publication as a secondary matter to a first work by another author.  The supplemental work is included with that first work for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work.

17 U.S.C. § 101

## **Plaintiffs' Requested Instruction No. 5**

In connection with the determination of whether a person is an employee, several factors must be considered, among which are:

Did the hiring party have the right to control the manner and the means by which the desired product is accomplished?

Did the hiring party provide the tools and equipment needed to do the work?

Was the work done at a place that was owned or leased by the hiring party?

Did the hiring party have the right to assign additional projects to the hired party?

Did the hiring party have control over when and how long the hired party was required to work?

Did the hiring party pay the hired party a regular salary?

Was the work to be done a part of the regular business of the hiring party?

If you cannot answer "yes" to any of those questions, then you must find that an employer-employee relationship did not exist in this case. And in that event the requirement of the first situation whereby a work can be considered to be a work made for hire does not apply.

*Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-52 (1989).

### Plaintiffs' Requested Instruction No. 6

In connection with the second situation in which a work can be considered to be a work made for hire, that situation involving a specially ordered or commissioned work, if the copyrighted works in the present case do not fall within any of the categories that I listed earlier, then the works are not works made for hire. Those categories are:

as a contribution to a collective work,

as a part of a motion picture or other audiovisual work,

as a translation,

as a supplementary work,

as a compilation,

as an instructional text,

as a test,

as answer material for a test, or

as an atlas.

But even if the works do fall within one of those categories, if you find that the parties did not agree in writing that the works are to be considered to be works made for hire, you must find that the works were not made for hire.

17 U.S.C. § 101

## Plaintiffs' Requested Instruction No. 7

Defendants claim to have originated the concept of an eagle-design motorcycle fairing guard.    And they claim that having originated that concept they are the authors of the copyrighted works that were prepared by Lisa Hoop and Mark Hoop.

With regard to a concept or an idea, the law is that there is no copyright protection for any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in a work.

17 U.S.C. § 102(b)

A person who conceives an idea is not an author.    An author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression that is entitled to copyright protection.    And providing sketches, ideas, or supervision over material that is copyrightable is not sufficient to make one a joint author.

*Banctraining Video Systems v. First American Corp.*, 956 F.2d 268 (6th Cir. 1992).

### Plaintiffs' Requested Instruction No. 8

In the context of the copyright law, originality refers to the form of the expression of a work, not to the novelty of the subject matter. Originality means little more than that a work cannot be merely a copy of another work. No matter how poor artistically, it is sufficient if a person's addition to a particular work is his own work. Thus, the requirements for the originality necessary to support a copyright are modest. The person must have created the work by his or her own skill, labor, and judgment, by contributing something that is recognizably his or her own to previous treatments of the same subject.

*Doran v. Sunset House Distributing Corp.,* 197 F. Supp. 940, 944 (S.D. Calif. 1961) (citing *Bleistein v. Donaldson Lithographing Co.,* 188 U.S.239, 250 (1903)); *aff'd sub nom Sunset House Distributing Corp. v. Doran,* 304 F.2d 251 (9th Cir. 1962).

## Plaintiffs' Requested Instruction No. 9

You have heard and seen evidence that Lisa Hoop developed a line drawing for an eagle-design fairing guard, and that Lisa Hoop and Mark Hoop developed a three-dimensional representation of an eagle-design fairing guard. There also was evidence that Lisa Hoop gave a copy of her drawings to Defendants, and that Mark Hoop gave die-cast samples of the three-dimensional eagle-design fairing guards to Defendants. In that regard, the law is that ownership of a copyright is distinct from ownership of any material object in which the work is embodied. And a transfer of the ownership of any material object does not of itself transfer any rights in the copyrighted work that is embodied in the object.

17 U.S.C. § 202

In order to transfer ownership of a copyright right, there must be a document in writing and signed by the owner of the rights to be transferred.

17 U.S.C. § 204

If you find that there was no document in writing that transferred ownership of any copyrights, then you must find that the mere transfer of a two-dimensional drawing and of a three-dimensional sample did not transfer to Defendants the ownership of any copyrights that Lisa Hoop and Mark Hoop may have had. And therefore you must find that Lisa Hoop is the owner of the copyright to the two-dimensional drawing, and that Lisa Hoop and Mark Hoop are the joint owners of the copyright to the sculpture.

### Plaintiffs' Requested Instruction No. 10

The evidence that was presented includes sketches that were given to Lisa Hoop and to Mark Hoop by the Defendants. The evidence also includes a two-dimensional drawing prepared by Lisa Hoop and a three-dimensional eagle prepared by Mark Hoop based upon Lisa Hoop's drawing.

In evaluating differences between two works, such as the drawings to which I just referred, one must consider the points of similarity and the points of difference. If the points of difference not only exceed the points of similarity, but also indicate that the remaining points of similarity are of minimal importance, either in terms of their number or their quality, then the works are not substantially similar. The presence of numerous differences between two works tends to undercut the substantial similarity of the works. And the more numerous the differences between two works the less likely it is that they will create the same visual impact.

*Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2nd Cir. 1980).

You must determine whether any of the differences between the sketches provided by Defendants and the materials produced by Lisa and Mark Hoop are of a substantial nature.

**Plaintiffs' Requested Instruction No. 10A**

The determination of the substantial similarity between drawings of an object or a design

is a two-step process.

In the first step you must filter out the unoriginal elements of the drawing that was given

to Lisa and Mark Hoop by Jeffrey and Stephen Hoop, the first drawing. Those elements are

elements of the design that were not independently created by the person who made the drawing

and that did not possess a minimal degree of creativity. The remaining drawing elements would

then be elements that were originated by the creator of that drawing.

*Kohus v. Mariol*, 2003 FED App. 0150P, No. 01-4089, Slip Op. at 8-9 (6th Cir. 2003).


In the second step, you must determine whether the remaining elements of a design

shown in that first drawing, those that are original with respect to the creator of that drawing, are

substantially similar to corresponding elements as shown in the other, second drawing that was

prepared by Lisa Hoop.

*Kohus v. Mariol*, 2003 FED App. 0150P, No. 01-4089, Slip Op. at 11 (6th Cir. 2003).

## Plaintiffs' Requested Instruction No. 10B

Whether one drawing of a bird is substantially similar to another drawing of a bird is dependent upon whether an ordinary reasonable person would fail to differentiate between the two drawings.

*Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281, 1286 (6th Cir. 1974).


Stated in another way, two designs are substantially the same if in the eye of an ordinary observer, giving the two designs the amount of attention an ordinary observer usually gives, the resemblance between the two designs is such as to deceive that ordinary observer, inducing him or her to purchase one design while thinking it is the other design.

*Gorham Co. v. White,* 81 U.S. (14 Wall.) 511, 528 (1871).

## Plaintiffs' Requested Instruction No. 11

In addition to the copyrights that you must consider, each side in this case has obtained a design patent that you must also consider. The parties are in agreement that each of those design patents is directed to the same ornamental design. And although each of those patents refers to a motorcycle fairing guard, what the patents actually are directed to is the visual appearance of the fairing guards shown in the drawings.

*L. A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).

A design patent protects the novel ornamental features of the patented design, not its functional features.

*OddzOn Products Inc. v. Just Toys Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997).

When one obtains a design patent his or her patent rights are limited to the ornamental design of the article, not to its function.

*Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).

So in evaluating the design patent rights of the parties, you must consider only the ornamental design of the articles shown in the drawings that are part of each the patents. You must not consider the function of the articles in which that ornamental design is embodied.

## Plaintiffs' Requested Instruction No. 12

Again, based upon conceiving the idea of an eagle-design fairing guard, Defendants claim ownership of the ornamental design that is shown in and that is covered by the patents that were obtained by the parties.  Under the law, however, design patents do not cover design concepts.  Instead, they cover a particular ornamental design, a design that exhibits certain visual, ornamental features.

*In re Harvey*, 12 F.3d 1061, 1066 (Fed. Cir. 1993).

A design patent is limited to the overall ornamental visual impression that it creates, rather than to a broad general design concept.

*OddzOn Products Inc. v. Just Toys Inc.,* 122 F.3d 1396,   (Fed. Cir. 1997); *In re Harvey,* 12 F.3d 1061, 1064 (Fed. Cir. 1993).

And in a design patent it is the drawings that describe and define what the patented invention is.

*In re Klein*, 987 F.2d 1569, 1571 (Fed. Cir. 1993).

## Plaintiffs' Requested Instruction No. 13

Making an invention includes the mental step of conceiving an invention. Conception of an invention is the formation in the mind of the inventor of a definite and permanent idea of the complete invention, as it is to be applied in practice. A conception of a particular invention must include every feature or limitation of the invention that is shown in and claimed by the inventor in his patent.

*Kridl v. McCormick,* 105 F.3d 1446, 1449 (Fed. Cir. 1997).


So you must look to what is shown and claimed to be the invention in the design patents of the parties in order to determine what design was conceived, and who it was that conceived the ornamental design invention that is shown and claimed in the patents.

## Plaintiffs' Requested Instruction No. 14

The mental step of conception of an invention is complete only when the idea of the invention is so clearly defined in the inventor's mind that only ordinary skill would be needed to physically make the invention as it was conceived, and without extensive research or experimentation.

*Burroughs Wellcome Co. v. Barr Laboratories, Inc.,* 40 F.3d 1223, 1228 (Fed. Cir. 1994).

## Plaintiffs' Requested Instruction No. 15

In assessing differences between designs in the design patent context, it is the visual appearance of each design as a whole that is controlling.

*Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988).

And a design is considered to be a unitary thing. All of the parts of a design are material in that they contribute to the overall appearance that constitutes the design. *In re Blum*, 374 F.2d 904, 907 (C.C.P.A. 1967).

Two designs are substantially the same if in the eye of an ordinary observer, giving such attention as such a person usually gives, the resemblance is such as to deceive such a person, inducing him to purchase one supposing it to be another.

*Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871).

## Plaintiffs' Requested Instruction No. 16

In considering what it was that was invented, you are instructed that the word "invention" refers to a concept that is complete, rather than merely to a concept that is only substantially complete.

*Space Systems/Loral, Inc. v. Lockheed Martin Corp.,* 271 F.3d 1076, 1080 (Fed. Cir. 2001).


Additionally, you must consider whether the sketches that were provided by the Defendants showed a representation that was changed by Lisa Hoop, because when a design is changed the result is a new design.

*In re Mann,* 861 F.2d 1581, 1582 (Fed. Cir. 1988).

### Plaintiffs' Requested Instruction No. 17

Another matter you must address is that of who is the inventor of the patented ornamental design.  In that regard, the real inventor of a patented invention is the person who perfected the invention that was patented and who arrived at the form of the invention as it was patented.  That person is the inventor even though others may have previously had the idea and made some efforts at putting it into practice.  Thus, it is the person or persons who first perfected the invention in the form in which it was actually patented who are entitled to the patent.

*Agawam Co. v. Jordan,* 74 U.S. (7 Wall.) 583, 602 (1868).

## Plaintiffs' Requested Instruction No. 18

This case involves both design patents and copyrights. One can obtain both a design patent and also a copyright for the same work of artistic creativity that is embodied in a manufactured article.

*Mazer v. Stein*, 347 U.S. 201, 217 (1954); *In re Yardley*, 493 F.2d 1389, 1394 (C.C.P.A 1974); *Schnadig Corp. v. Gaines Manufacturing Co., Inc.*, 620 F.2d 1166, 1167 (6th Cir. 1980).


Thus, whichever person or persons you find to be the author or authors of the three-dimensional sculptural work that was copyrighted, you must find that same person or persons to be the inventor or inventors of the patented ornamental design that corresponds in appearance with the copyrighted three-dimensional work.

### Plaintiffs' Requested Instruction No. 19

Two design patents issued for the same ornamental design.  One of the patents names as the inventors the Plaintiffs Lisa Hoop and Mark Hoop, and the other patent names as the inventors Defendants Stephen Hoop and Jeffrey Hoop.  There is only one copyright for the three-dimensional sculptural work, and it names only Lisa Hoop and Mark Hoop as the authors.  The Defendants did not attempt to obtain any copyrights.  However, if you find that the eagle design in the form in which it was patented and in the forms in which it was copyrighted included significant contributions of each of the individuals who are parties to this lawsuit, then you must determine whether there was joint authorship of the copyrighted subject matter and joint inventorship of the patented subject matter.  In that regard, a joint work in the copyright context is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.  (17 U.S.C. § 101). In the patent context, persons can be joint inventors if they collaborate in making the invention.

*Kimberly-Clark Corp. v. Procter & Gamble Distributing Co., Inc.,* 973 F.2d 911, 916 (Fed. Cir. 1992).


You must consider whether joint authorship and joint inventorship exists.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' REVISED PROPOSED SPECIAL JURY INSTRUCTIONS were served upon trial counsel for Defendants this 23rd day of January 2004, by facsimile transmission and by first-class mail, postage prepaid, to:

> Stella B. House, Esq.
> STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422

Jan. 23, 2004
_____
Date

_____
Alfred J. Mangels
Trial Attorney for Plaintiffs