FILED
JAMES BONINI
CLERK

04 JAN 26 PM 1:35

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Mark R. Hoop, et al., ) | |
| ) | Civil Action No. C-1-00-869 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

Defendants have moved the Court for an Order in limine prohibiting Plaintiffs from introducing any evidence relative to a breach of contract by Defendants, and also from introducing any evidence relative to coinventorship by plaintiffs of the patented ornamental design.

### I.

### BREACH OF CONTRACT BY DEFENDANTS

The basis for an assertion by Plaintiffs of a breach of contract by Defendants is the failure by Defendants to fully pay each of Plaintiffs for services they performed pursuant to an agreement between the parties. Plaintiffs alleged such a failure in their Amended Complaint (Dkt. 28) at paragraph 37, which reads:

> 37. Despite a demand to do so, the FLORIDA HOOPS have not compensated Plaintiff Lisa Hoop for her packaging and web site artwork, and they have not compensated Plaintiff Mark Hoop for his time and services in connection with his proving and demonstrating the feasibility of casting motorcycle fairing guards having the appearance shown in each of the OHIO HOOPS' PATENT and the FLORIDA HOOPS' PATENT.

Additionally, the prayer for relief in the Amended Complaint included a demand (subparagraph m.) for "compensation to Lisa Hoop for her unpaid services in connection with her services in preparing packaging artwork and web site artwork and to Mark Hoop for his time and efforts in successfully demonstrating producibility of the fairing guards." Thus, the matter of a breach of contract by Defendants was raised by Plaintiffs and is therefore an issue in the case.

Moreover, Defendants took the depositions upon oral examination of each of the Plaintiffs and specifically inquired into the nonpayment claims that were made by Plaintiffs. Thus, Defendants cannot claim surprise as to that matter.

Further, the contract between the parties is also in issue because Defendants asserted a breach of contract counterclaim. Specifically, included in their Answer to the first Amended Complaint (Dkt. 32) is "Count IV – Breach of Contract to Provide Services." The proposed Second Amended Complaint (Dkt. 51) was intended merely to formalize what was implicit in the previous pleadings and what Defendants were already aware of and on which they had taken discovery.

And finally, the broad prohibition sought by Defendants would fly in the face of the 6th Circuit's admonition in *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975), that the exclusion in limine of broad categories of evidence "should rarely be employed."

## II.

### COINVENTORSHIP OF THE PATENTED DESIGN

Each side in this case obtained a design patent directed to the identical design invention. Each of those patents is in issue in this case. And each side claims the inventorship of

that patented design. Thus, inventorship is clearly in issue and has been from the start of this case. And the inventorship question can be resolved in any of three ways: (1) that Plaintiffs are the inventors; (2) that Defendants are the inventors; or (3) that each side is a coinventor. The jury could conclude any of those possibilities.

In order to preclude evidence of coinventorship, as requested by Defendants, the Court would essentially have to strike the interfering patents count that was filed by Plaintiffs, which is one of the principal bases for this action. The result would be that Defendants alone are the inventors of the patented design. Defendants are requesting the exclusion of a broad category of evidence relating to what acts each of the Plaintiffs carried out in connection with the evolution of the patented design, and what contributions each of the Plaintiffs made to the design that was ultimately patented. If Defendants' request were to be granted inventorship would no longer be in issue.

As was noted above in connection with the breach of contract issue, the broad prohibition sought by Defendants would fly in the face of the 6th Circuit's admonition in *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975), that the exclusion in limine of broad categories of evidence "should rarely be employed."

## CONCLUSION

The matter of the compensation of each of the Plaintiffs for services they performed pursuant to the same contract that is being asserted by Defendants is properly in issue. And the matter of Plaintiffs' contributions to the design that was ultimately patented is also properly in issue. If Defendants' motion were to be granted, there would be nothing left to try, and Defendants would have won, in effect, a summary judgment without having to put on any

evidence of their own. Defendants have asserted no unfair prejudice against them should the contract and inventorship issues be tried. But Plaintiffs would clearly be unfairly prejudiced if Defendants' requests were to be granted because there would be no need for a trial, the case would be over, and Defendants would have won. Accordingly, Defendants' motion in limine is not well taken, and it should be denied.

Respectfully submitted,

*[signature]*

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE was served upon counsel for Defendants this 26th day of January 2004, by facsimile transmission and by mailing a copy of the same by first-class mail, postage prepaid, in an envelope addressed as follows:

> Stella B. House, Esq.
> STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422

_Jan. 26, 2004_
Date

_Alfred J. Mangels_
Trial Attorney for Plaintiffs