FILED
JAMES BONINI
CLERK

04 FEB -2 AM 8: 37

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REVISED
## PROPOSED SPECIAL JURY INSTRUCTIONS

Defendants, Jeffrey W. Hoop and Stephen E. Hoop, (the "Hoop Brothers"), by counsel, have

attached Defendants' objections to Plaintiffs' Revised Proposed Special Jury Instructions hereto.

**WHEREFORE**, the Hoop Brothers, by counsel, respectfully request that the Court consider

Defendants' Objections to Plaintiffs' Revised Proposed Special Jury Instructions when making a final

decision regarding instructions to the jury in this civil action.

Respectfully submitted,

Stella B. House (81805)
Post Office Box 422
Manchester, Kentucky 40962-0422
Tel.: (606) 598-1485
Trial Attorney for Defendants

## Plaintiffs' Requested Instruction No. 1

Each side in this case claims to be the inventors of the ornamental design that is shown in the design patents that were issued by the U.S. Patent and Trademark Office. Each side also claims to be the authors of the copyrighted works that were the subjects of two copyright registrations that were issued by the U.S. Copyright Office, one to Lisa Hoop alone and the other to Lisa Hoop and Mark Hoop jointly. It will be for you to decide the facts that affect the determination of who are the true inventors of the patented ornamental design and who are the true authors of the copyrighted works.

With respect to copyrights, there are several definitions of terms used in connection with copyrights that I will give you to help guide you in your deliberations.

First, a work is "created" when it is fixed in some tangible form for the first time. A work is "fixed" in a tangible form when it in a form that is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated. And where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of the time, and where the work has been prepared in different versions, each version constitutes a separate work.

In the context of the copyright law the author of a work is the person who is the originator or the maker of the copyrighted work is the person who is the originator or the maker of the copyrighted work. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340 (1991).

A "joint work" is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.

The author of a work is initially the owner of the copyright rights in that work. The authors of a joint work are initially the co-owners of the copyright rights in the joint work.

I7 U.S.C. §§ 101 and 201(a)

## Objections to Plaintiffs' Proposed Special Jury Instruction No. 1

1. First, Paragraph No. 1 seems like language more appropriate for the Pre-charge to the Jury. Second, the Hoop Brothers do not desire to be determined to be the authors or co-authors of the copyright but request a determination that neither Mark Hoop nor Lisa Hoop are either the co-authors of the copyrights and/or that the copyrights are invalid, as the Hoop Brothers paid Mark Hoop and Lisa Hoop to create the technical drawing or diagram and model and Mark Hoop and Lisa Hoop violated the non-disclosure agreements signed by them when they disclosed this information to the Patent and Trademark Office ("PTO"). Also, it will confuse the jury to discuss copyrights and patents in Paragraph No. 1 when the remainder of Plaintiffs' Requested Instruction No. 1 addresses definitions under the copyright laws.

3. Plaintiffs cite no authority for the proposition that:

> And where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of the time, and where the work has been prepared in different versions, each version constitutes a separate work.

5. The Hoop Brothers do not request a determination that the copyrights are a "joint work."

6. The Hoop Brothers do not claim co-authorship or co-ownership of the copyrights.

## Plaintiffs' Requested Instruction No. 2

This case involves pictorial or graphic works in the form of two-dimensional drawings of an eagle design for a motorcycle fairing guard. It also involves a sculptural work in the form of a three-dimensional article that is an eagle-design fairing guard.

"Pictorial, graphic, and sculptural work" in the context of the copyright law include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, diagrams, models, and technical drawings. Such works include works of artistic craftsmanship insofar as their form is concerned, but not insofar as their mechanical or utilitarian aspects are concerned. The design of a useful article can be considered to be a pictorial, graphic, or sculptural work only if, and only to the extent that, the design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the useful aspects of the article.

A useful article under the copyright law is an article having a useful function that is not merely to portray the appearance of the article.

17 U.S.C. § 101

-4-

**Objections to Plaintiffs' Proposed Special Jury Instruction No. 2**

Plaintiffs use the word "useful" when the statute states "utilitarian" when referring to the aspect of the article and "intrinsic utilitarian" when referring to function. The definition of "intrinsic" is <u>something genuine,</u> which has a different meaning than "useful."

**Plaintiffs' Requested Instruction No. 3**

You have heard testimony and have seen exhibits that show which individuals took which steps toward the designs that were copyrighted. In that regard, copyrightable works are either original works, works that an author created himself or herself, or works that are based upon a previously-existing work. If a work is based upon a previously-existing work it is referred to as a derivative work.

A derivative work can be a translation, a musical arrangement, a dramatization, a fictionalization, a motion picture version, a sound recording, an art reproduction, an abridgment, a condensation, or any other form in which a pre-existing work can be recast, transformed, or adapted. When a work consists of editorial revisions, annotations, elaborations, or other modifications, which, taken as a whole, represent an original work of authorship, it is a derivative work.

17 U.S.C. § 101

A copyright in a derivative work extends only to the material contributed by the author of that work, as distinguished from the pre-existing material that may be present in the work. The copyright in a derivative work does not imply any exclusive right in the pre-existing material. Thus, a copyright for a derivative work is separate and independent from any copyright in the pre-existing work.

(17 U.S.C. § 103(b))

If you find that the line drawing made by Lisa Hoop is an independent creation then it is not a derivative work. But if you find that the line drawing made by Lisa Hoop is based upon a pre-existing work, then that line drawing is a derivative work. In that event, the sculptural work would also be a derivative work. Such derivative works are capable of being individually copyrightable.

-6-

### Objections to Plaintiffs' Proposed Special Jury Instruction No. 3

Defendants believe that this entire instruction is confusing and will be confusing to the jury for several reasons.

1. As Lisa Hoop's copyright is not based upon a "previously existing work," it cannot be a derivative work.

2. As the relevant works are not a translation, a musical arrangement, a dramatization, a fictionalization, a motion picture version, a sound recording, an abridgment, or a condensation, Defendants see no need to confuse the jury with all of this terminology. In addition, there is no "pre-existing work," which has been "recast, transformed, or adapted," as no one obtained a copyright on the earlier versions of the eagle.

3. Plaintiffs also change the language to say "that may be present in the work" instead of "employed in the work" (*see* 17 U.S.C. § 103(b)).

4. Space 6 of Form VA must be completed by the applicant if the proposed copyright work is a changed version, compilation, or derivative work. Plaintiffs did not disclose the drawing and/or model as derivative work when they filed their copyright applications.

## Plaintiffs' Requested Instruction No. 4

You have heard testimony that Lisa Hoop and Mark Hoop were hired by Stephen Hoop and Jeffrey Hoop. Stephen Hoop and Jeffrey Hoop claim ownership of the results of Lisa Hoop's and Mark Hoop's efforts in connection with the eagle-design fairing guards. In order for Stephen Hoop and Jeffrey Hoop to be the owners of the results of those efforts, those results must be found to be what is known as a "work made for hire."

A work is considered to be a "work made for hire" under either of two situations-

First, if it is a work that is prepared by an employee within the scope of his or her employment; or

Second, if it is a work that is specially ordered or commissioned for use in one of the following categories:

> as a contribution to a collective work,

> as a part of a motion picture or other audiovisual work,

> as a translation,

> as a supplementary work,

> as a compilation,

> as an instructional text,

> as a test,

> as answer material for a test, or

> as an atlas.

In the second situation, there is an additional requirement, which is that the parties agree in a writing that is signed by each them that the work is to be considered to be a work made for hire.

In connection with what is a "supplementary work," it is a work that is prepared for publication as a secondary matter to a first work by another author. The supplemental work is included with that first work for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work.

(17 U.S.C. § 101)

## Objections to Plaintiffs' Proposed Special Jury Instruction No. 4

1. Defendants believe that whether they "claim ownership of the results of Lisa Hoop's and Mark Hoop's efforts in connection with the eagle-design fairing guards" is a question for the jury; they contend that they claim ownership of the results of their efforts.

2. The following categories are irrelevant in this civil action:

> as a part of a motion picture or other audiovisual work,
> as a translation,
> as a supplementary work,
> as an instructional text,
> as a test,
> as answer material for a test, or
> as an atlas,

After stating the categories, Plaintiffs' state "In the second situation, there is an "additional requirement," which is that the parties agree in a writing that is signed by each of them that the work is to be considered to be a work made for hire (*see* 17 U.S.C. § 101). In fact, this statute uses "if" not "additional requirement" and 17 U.S.C. § 201(b) states:

> In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

3. As the copyrighted works involved in this civil action are not supplementary works, there is no need to include a definition of that term in the jury instructions.

## Plaintiffs' Requested Instruction No. 5

In connection with the determination of whether a person is an employee, several factors must be considered, among which are:

Did the hiring party have the right to control the manner and the means by which the desired product is accomplished?

Did the hiring party provide the tools and equipment needed to do the work?

Was the work done at a place that was owned or leased by the hiring party?

Did the hiring party have the right to assign additional projects to the hired party?

Did the hiring party have control over when and how long the hired party was required to work?

Did the hiring party pay the hired party a regular salary?

Was the work to be done a part of the regular business of the hiring party?

If you cannot answer "yes" to any of those questions, then you must find that an employer-employee relationship did not exist in this case.  And in that event the requirement of the first situation whereby a work can be considered to be a work made for hire does not apply.

*Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-52 (1989).

## **Objections to Plaintiffs' Proposed Special Jury Instruction No. 5**

The Hoop Brothers do not contend that there was an employer-employee relationship between them and Mark Hoop or Lisa Hoop.

**Plaintiffs' Requested Instruction No. 6**

       In connection with the second situation in which a work can be considered to be a work made for hire, that involving a specially ordered or commissioned work, if the copyrighted works in the present case do not fall within any of the categories that were listed earlier, then the works are not works made for hire.

       But even if the works do fall within one of those categories, if you find that the parties did not agree in writing that the works are to be considered to be works made for hire, you must find that the works were not made for hire.

17 U.S.C. § 101

## Objections to Plaintiffs' Proposed Special Jury Instruction No. 6

17 U.S.C. § 201(b) states:

In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

**Plaintiffs' Requested Instruction No. 7**

Defendants claim to have originated the concept of an eagle-design motorcycle fairing guard. And they claim that having originated the concept they are the authors of the copyrighted works that were prepared by Lisa Hoop and Mark Hoop.

With regard to a concept or an idea, the law is that there is no copyright protection for any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in a work.

17 U.S.C. § 102 (b)

A person who conceives of an idea is not an author. An author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression that is entitled to copyright protection. And providing sketches, ideas, or supervision over material that is copyrightable is not sufficient to make one a joint author.

*Banctraining Video Systems v. First American Corp.*, 956 F.2d 268 (6th Cir. 1992).

## Objections to Plaintiffs' Proposed Special Jury Instruction No. 7

Defendants will stipulate that there is no copyright protection for an idea or concept. They claim, however, that Lisa Hoop's technical drawing or diagram and Mark Hoop's model are not visual art. Therefore, they are not entitled to copyrights on them. If the jury determines that these items are visual art, then Defendants claim that they hired Lisa Hoop and Mark Hoop to assist them with the completion of these items, as shown by the non-disclosure agreement which Mark Hoop and Lisa Hoop signed for the Hoop Brothers.

**Plaintiffs' Requested Instruction No. 8**

      In the context of the copyright law, originality refers to the form of the expression of a work, not to the novelty of the subject matter. Originality means little more than that a work cannot be merely a copy of another work. No matter how poor artistically, it is sufficient if a person's addition to a particular work is his own work. Thus, the requirements for the originality necessary to support a copyright are modest. The person must have created the work by his or her own skill, labor, and judgment, by contributing something that is recognizably his or her own to previous treatments of the same subject.

*Doran v. Sunset House Distributing Corp.,* 197 F. Supp. 940, 944 (S.D.Calif. 1961 ) (citing *Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 250 (1903)); *aff'd sub nom Sunset House Distributing Corp. v. Doran,* 304 F.2d 251 (9th Cir. 1962).

## Plaintiffs' Requested Instruction No. 9

You have heard and seen evidence that Lisa Hoop developed a line drawing for an eagle-design fairing guard, and that Lisa Hoop and Mark Hoop developed a three-dimensional representation of an eagle-design fairing guard. There also was evidence that Lisa Hoop gave a copy of her drawings to Defendants, and that Mark Hoop gave die-cast samples of the three-dimensional eagle-design fairing guards to Defendants. In that regard, the law is that ownership or a copyright is distinct from ownership of any material object in which the work is embodied. And a transfer of the ownership of any material object does not of itself transfer any rights in the copyrighted work that is embodied in the object.

17 U.S.C. § 202

In order to transfer ownership of a copyright right, there must be a document in writing and signed by the owner of the rights to be transferred.

17 U.S.C. § 204

If you find that there was no document in writing that transferred ownership of any copyrights, then you must find that the mere transfer of a two-dimensional drawing and of a three-dimensional sample did not transfer to Defendants the ownership of any copyrights that Lisa Hoop and Mark Hoop may have had. And therefore you must find that Lisa Hoop is the owner of the copyright to the two-dimensional drawing, and that Lisa Hoop and Mark Hoop are the joint owners of the copyright to the sculpture.

## Objection to Plaintiffs' Proposed Special Jury instruction No. 9

1. Defendants will stipulate that ownership of a copyright is distinct from ownership of any material object in which the work is embodied.

2. Regarding transfer of the ownership of a copyright, no one has ever made any allegations concerning the transfer of any copyright, and Defendants will stipulate that there has never been any transfer of the relevant copyrights between the parties.

## Plaintiffs' Requested Instruction No. 10

The evidence that was presented includes sketches that were given to Lisa Hoop and to Mark Hoop by the Defendants. The evidence also includes a two-dimensional drawing prepared by Lisa Hoop and a three-dimensional eagle prepared by Mark Hoop based upon Lisa Hoop's drawing.

In evaluating differences between two works, such as the drawings to which I just referred, one must consider the points of similarity and the points of difference. If the points of difference not only exceed the points of similarity, but also indicate that the remaining points of similarity are of minimal importance, either in terms of their number or their quality, then the works are not substantially similar. The presence of numerous differences between two works tends to undercut the substantial similarity of the works. And the more numerous the differences between two works the less likely it is that they will create the same visual impact.

*Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 913 (2nd Cir. 1980).

You must determine whether any of the differences between the sketches provided by Defendants and the materials produced by Lisa and Mark Hoop are of a substantial nature.

## **Plaintiffs' Requested Instruction No. 10A**

The determination of the substantial similarity between drawings of an object or a design is a two-step process.

In the first step you must filter out the unoriginal elements of the drawing that was given to Lisa Hoop and Mark Hoop by Jeffrey Hoop and Stephen Hoop, the first drawing. Those elements are elements of the design that were not independently created by the person who made the drawing and that did not possess a minimal degree of creativity. The remaining drawing elements would then be elements that were originated by the creator of that drawing.

*Kohus v. Mariol*, 2003 FED App. 0150P, No. 01-4089, Slip Op. at 8-9 (6th Cir. 2003).

In the second step, you must determine whether the remaining elements of a design shown in that first drawing, those that are original with respect to the creator of that drawing, are substantially similar to corresponding elements as shown in the other, second drawing that was prepared by Lisa Hoop.

*Kohus v. Mariol*, 2003 FED App. 0150P, No. 01-4089, Slip Op. at 11 (6th Cir. 2003).

## Plaintiffs' Requested Instruction No. 10B

Whether one drawing of a bird is substantially similar to another drawing of a bird is dependent upon whether an ordinary reasonable person would fail to differentiate between the two drawings.

*Mongram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281, 1286 (6th Cir. 1974).


Stated in another way, two designs are substantially the same if in the eye of an ordinary observer, giving the two designs the amount of attention an ordinary observer usually gives, the resemblance between the two designs is such as to deceive that ordinary observer, inducing him or her to purchase one design while thinking it is the other design.

*Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871).

**Objection to Plaintiffs' Requested Instruction No. 10, 10A, and 10B**

As the Hoop Brothers paid Lisa Hoop and Mark Hoop to make a technical drawing and a model from the original drawings or sketches that were given to them by the Hoop Brothers and directed and guided Lisa Hoop and gave her the requirements and specifications for the technical drawing, Lisa Hoop cannot claim ownership of the technical drawing and neither Mark Hoop nor Lisa Hoop can claim ownership of the model derived therefrom.

### Plaintiffs' Requested Instruction No. 11

In addition to the copyrights that you must consider, each side in this case has obtained a design patent that you must also consider. The parties are in agreement that each of those design patents is directed to the same ornamental design. And although each of those patents refers to a motorcycle fairing guard, what the patents actually are directed to is the visual appearance of the fairing guards as shown in the drawings.

*L.A. Gear, Inc. v. Thom Man Shoe* Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993).

A design patent protects the novel ornamental features of the patented design, not its functional features.

*OddzOn Products Inc. v. Just Toys Inc.,* 122 F.3d 1396, 1404 (Fed. Cir. 1997).

When one obtains a design patent his or her patent rights are limited to the ornamental design of the article, not to its function.

*Lee v. Dayton-Hudson Corp.,* 838 F.2d 1186, 1188 (Fed. Cir. 1988).

So in evaluating the design patent rights of the parties, you must consider only the ornamental design of the articles shown in the drawings that are part of each the patents. You must not consider the function of the articles in which that ornamental design is embodied.

**Plaintiffs' Requested Instruction No. 12**

Again, based upon conceiving the idea of an eagle-design fairing guard, Defendants claim ownership of the ornamental design that is shown in and that is covered by the patents that were obtained by the parties. Under the law, however, design patents do not cover design concepts. Instead, they cover a particular ornamental design, a design that exhibits certain visual, ornamental features.

*In re Harvey,* 12 F.3d 1061, 1066 (Fed. Cir. 1993).

A design patent is limited to its overall ornamental visual impression that it creates, rather than to a broad general design concept.

*OddzOn Products Inc. v. Just Toys Inc.,* 122 F.3d 1396 (Fed. Cir. 1997); *In re Harvey,* 12 F.3d 1061, 1064 (Fed. Cir. 1993).

And in a design patent it is the drawings that describe what the patented invention is.

*In re Klein,* 987 F.2d 1569, 1571 (Fed. Cir. 1993).

-25-

## Plaintiffs' Requested Instruction No. 13

Making an invention involves the mental step of conception of an invention. Conception is the formation in the mind of the inventor of a definite and permanent idea of the complete invention, as it is to be applied in practice. A conception of a particular invention must include every feature or limitation of the invention that is shown in and claimed by the inventor in his patent. *Kridl v. McCormick,* 105 F.3d 1446, 1449 (Fed. Cir. 1997).

So you must look to what is shown and claimed to be the invention in the design patents of the parties in order to determine what design was conceived, and who it was that conceived the ornamental design invention that is shown and claimed in the patents.

-26-

### Plaintiffs' Requested Instruction No. 14

The mental step of conception of an invention is complete only when the idea of the invention is so clearly defined in the inventor's mind that only ordinary skill would be needed to physically make the invention as it was conceived, and without extensive research or experimentation.

*Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994).

### Plaintiffs' Requested Instruction No. 15

In assessing differences between designs in the design patent context, it is the visual appearance of each design as a whole that is controlling.

*Lee v. Dayton-Hudson Corp.,* 838 F.2d 1186, 1189 (Fed. Cir. 1988).

And a design is considered to be a unitary thing. All of the parts of a design are material in that they contribute to the overall appearance that constitutes the design.

*In re Blum,* 374 F.2d 904, 907 (C.C.P.A. 1967).

Two designs are substantially the same if in the eye of an ordinary observer, giving such attention as such a person usually gives, the resemblance is such as to deceive such a person, inducing him to purchase one supposing it to be another.

*Gotham Co. v. White,* 81 U.S. (14 Wall.) 511, 528 (1871).

## Plaintiffs' Requested Instruction No. 16

In considering what it was that was invented, you are instructed that the word "invention" refers to a concept that is complete, rather than merely to one that is only substantially complete. *Space Systems/Loral. Inc. v. Lockheed Martin Corp.,* 271 F.3d 1076, 1080 (Fed. Cir. 2001).

Additionally, you must consider whether the sketches that were provided by the Defendants showed a representation that was changed by Lisa Hoop, because when a design is changed the result is a new design.

*In re Mann,* 861 F.2d 1581, 1582 (Fed. Cir. 1988).

## **Plaintiffs' Requested Instruction No. 17**

Another matter you must address is that of who is the inventor of the patented ornamental design. In that regard, the real inventor of a patented invention is the person who perfected the invention that was patented and who arrived at the form of the invention as it was patented. That person is the inventor even though others may have previously had the idea and made some efforts at putting it into practice. Thus, it is the person or persons who first perfected the invention in the form in which it was actually patented who are entitled to the patent.

*Agawam Co. v. Jordan,* 74 U.S. (7 Wall.) 583, 602 (1868).

## Objections to Plaintiffs' Proposed Special Jury Instruction Nos. 16 and 17

1. The term "invention" means invention or discovery.  35 U.S.C. § 100(a).  An inventor under the patent laws is the person or persons who conceived the patented invention.  An inventor may use the services, ideas, and aid of others in the process of perfecting an invention without losing the right to a patent.

One may not qualify as a new inventor by merely assisting the actual inventor <u>after conception</u> of the claimed invention.

35 U.S.C. § 171; *C.R. Bard, Inc. v. M3 Sys.,* 157 F.3d 1340 (Fed. Cir. 1998); *Ethicon, Inc. v. United States Surgical Corp.,* 135 F. 3d 1456, 1460 (Fed. Cir. 1998); *Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 990 (Fed. Cir. 1993); *L.A. Gear, Inc. v. Thom Man Shoe* Co., 988 F.2d 1117, 1124 (Fed. Cir. 1993); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 624 (Fed. Cir. 1985); *In re Rousso,* 222 F.2d 729, 731 (CCPA 1955); *In re Zemon,* 205 F.2d 317, 320 (CCPA 1953); *Gorham Mfg. Co. v. White,* 81 U.S. (14 Wall.) 511, 528 (1872).

-31-

## Plaintiffs' Requested Instruction No. 18

This case involves both design patents and copyrights. One can obtain both a design patent and also a copyright for the same work of artistic creativity that is embodied in a manufactured article. *Mazer v. Stein*, 347 U.S. 201, 217 (1954); *In re Yardley*, 493 F.2d 1389, 1394 (C.C.P.A. 1974); *Schnadig Corp. v. Gaines Manufacturing Co., Inc.*, 620 F.2d 1166, 1167 (6th Cir. 1980). Thus, whichever person or persons you find to be the author or authors of the three-dimensional sculptural work that was copyrighted, you must find that same person or persons to be the inventor or inventors of the patented ornamental design that corresponds in appearance with the copyrighted three-dimensional work.

### Objections to Plaintiffs' Proposed Special Jury Instruction No. 18

While *Mazer v. Stein* simply states that "one can obtain a design patent and also a copyright for the same work of artistic creativity that is embodied in a manufactured article," it does not conclude that one is automatically granted all rights to a patented ornamental design based on a person simply obtaining a copyright.

## **Plaintiffs' Requested Instruction No. 19**

Two design patents issued for the same ornamental design. One of the patents names as the inventors the Plaintiffs Lisa Hoop and Mark Hoop, and the other patent names as the inventors Defendants Stephen Hoop and Jeffrey Hoop. There is only one copyright for the three-dimensional sculptural work, and it names only Lisa Hoop and Mark Hoop as the authors. The Defendants did not attempt to obtain any copyrights. However, if you find that the eagle design in the form in which it was patented and in the forms in which it was copyrighted included significant contributions of each of the individuals who are parties to this lawsuit, then you must determine whether there was joint authorship of the copyrighted subject matter and joint inventorship of the patented subject matter. In that regard, a joint work in the copyright context is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. (17 U.S.C. § 101). In the patent context, persons can be joint inventors if they collaborate in making the invention.

*Kimberly-Clark Corp. v. Procter & Gamble Distributing* Co., *Inc.,* 973 F.2d 911, 916 (Fed. Cir. 1992).

You must consider whether joint authorship and joint inventorship exists.

-34-

## Objections to Plaintiffs' Proposed Special Jury Instruction No. 19

1. The Hoop Brothers have no desire to be co-authors or inventors or joint authors or inventors with Mark Hoop and/or Lisa Hoop.

2. Plaintiffs demanded in their Complaint (Docket #1) that they be determined to be "the true inventors of the ornamental design invention shown, described, and claimed in DEFENDANTS' PATENT and in PLAINTIFFS' PATENT." Defendants' requested in their Answer and Counterclaim (Docket #4) that the Court "enter judgment in their favor and against Plaintiffs/Counterclaim Defendants Mark R. Hoop and Lisa J. Hoop dismissing Plaintiffs/Counterclaim Defendants' Complaint, declaring their United States Patent No. Des. 431,211 as invalid...." Plaintiffs' requested a determination in their First Amended Complaint (Docket #28) that "the OHIO HOOPS are the true inventors of the ornamental design invention shown, described, and claimed in the FLORIDA HOOPS' PATENT and in the OHIO HOOPS' PATENT." In their Answer to Amended Complaint and Counterclaim (Docket #32), Defendants requested a ruling "declaring their United States Design Patent No. Des. 431,211 as invalid" and "awarding all rights and interests to United States Patent No. Des. 431,211" to them.

The jury should be allowed to consider one of two possibilities. Either Plaintiffs are the inventors or Defendants are the inventors. There has been no allegation of co-inventorship by either Plaintiffs or Defendants in their respective pleadings. In fact, Plaintiffs moved the Court for leave to file a Second Amended Complaint for this very reason on May 21, 2002 (Docket #51). Defendants objected to Plaintiffs' request to modify the prayer for relief to request a declaration that Plaintiffs are co-inventors of the patented design (Docket #54 ¶3). On August 29, 2002, the Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket #66).

3. Defendants also object to combining copyright and patent law into the same instruction, as they believe this will lead to confusion in the minds of the jurors, as the copyright laws are significantly different from the patent laws and vice-versa.

## CERTIFICATE OF SERVICE

I certify that an accurate copy of Defendants' Objections to Plaintiffs' Revised Proposed Jury Instructions was sent to Alfred J. Mangels, Esq., Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on January 31, 2004.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By: _____
Stella B. House, J.D.
Counsel for Defendants/
Counterclaim Plaintiffs

cc:    dlott_chambers@ohsd.uscourts.gov
       alyson_stang@ohsd.uscourts.gov

-36-