FILED
JAMES BONINI
CLERK

04 FEB -2 PM 1:00

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CIVIL ACTION NO. C-1-00-869**

| | |
|---|---|
| MARK R. HOOP and<br>LISA J. HOOP | PLAINTIFFS/<br>COUNTERCLAIM DEFENDANTS |
| V. | **DEFENDANTS' REPLY TO PLAINTIFFS'<br>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE** |
| JEFFREY W. HOOP, STEPHEN E. HOOP, and<br>HOOPSTERS ACCESSORIES, INC. | DEFENDANTS/<br>COUNTERCLAIM PLAINTIFFS |

Defendants/Counterclaim Plaintiffs, Jeffrey W. Hoop, Stephen E. Hoop, and Hoopsters Accessories, Inc. ("Defendants"), by counsel, reply to the Memorandum in Opposition to Defendants' Motion in Limine of Plaintiffs/Counterclaim Defendants, Mark R. Hoop and Lisa J. Hoop ("Plaintiffs"), as follows:

I.

**BREACH OF CONTRACT BY DEFENDANTS**

Plaintiffs' attempt to introduce documentation relating to Defendants transactions with Clarison Industries and Pro-Tec Electroplating is an effort to confuse the jury. The prayer for relief in the First Amended Complaint (Docket #28) states that Plaintiffs demand "compensation to Lisa Hoop for her unpaid services in connection with her services in preparing packaging artwork and web site artwork and to Mark Hoop for his time and efforts in successfully demonstrating producibility of the fairing guards." Therefore, Plaintiffs are not entitled to claim damages from an alleged breach of contract, other than "compensation to Lisa Hoop for her unpaid services in connection with her services in preparing packaging artwork and web site artwork and to Mark Hoop

for his time and efforts in successfully demonstrating producibility of the fairing guards." The Defendants' transactions with Clarison Industries and Pro-Tec Electroplating are irrelevant. They do not support Plaintiffs' claim for damages. Defendants respectfully request that the Court rule that these exhibits (PX2) are inadmissible at the trial of this civil action.

In addition, the declaration of Richard Luther is irrelevant and no testimony from him regarding the costs to develop an eagle design fairing guard should be admissible. His statements are not in any way indicative of Mark Hoop's "time and efforts in successfully demonstrating producibility of the fairing guards." Even assuming that Defendants agreed to pay Mark Hoop for his "time and efforts in successfully demonstrating producibility of the fairing guards," which Defendants deny, Mr. Luther's opinion about the cost of developing an eagle design fairing guard is irrelevant, and Defendants respectfully request that the Court rule that his testimony is inadmissible at the trial of this civil action.

## II.

## CO-INVENTORSHIP OF THE PATENTED DESIGN

Defendants beg to differ with Plaintiffs' assessment of the inventorship issue. Plaintiffs demanded in their Complaint (Docket #1) that they be determined to be "the true inventors of the ornamental design invention shown, described, and claimed in DEFENDANTS' PATENT and in PLAINTIFFS' PATENT." Defendants' requested in their Answer and Counterclaim (Docket #4) that the Court "enter judgment in their favor and against Plaintiffs/Counterclaim Defendants Mark R. Hoop and Lisa J. Hoop dismissing Plaintiffs/Counterclaim Defendants' Complaint, declaring their United States Patent No. Des. 431,211 as invalid...." Plaintiffs' requested a determination in their First Amended Complaint (Docket #28) that "the OHIO HOOPS are the true inventors of the

ornamental design invention shown, described, and claimed in the FLORIDA HOOPS' PATENT and in the OHIO HOOPS' PATENT." In their Answer to Amended Complaint and Counterclaim (Docket #32), Defendants requested a ruling "declaring their United States Design Patent No. Des. 431,211 as invalid" and "awarding all rights and interests to United States Patent No. Des. 431,211" to them.

The jury should be allowed to consider one of two possibilities. Either Plaintiffs are the inventors or Defendants are the inventors. There has been no allegation of co-inventorship by either Plaintiffs or Defendants in their respective pleadings. In fact, Plaintiffs moved the Court for leave to file a Second Amended Complaint for this very reason on May 21, 2002 (Docket #51). Defendants objected to Plaintiffs' request to modify the prayer for relief to request a declaration that Plaintiffs are co-inventors of the patented design (Docket #54 ¶3). On August 29, 2002, the Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket #66).

**WHEREFORE**, Defendants, by counsel, respectfully request the Court for an Order prohibiting Plaintiffs and their legal counsel and each of their witnesses from offering any and all arguments, comments, documents, and/or testimony in support of: (1) a claim for breach of contract on the part of Defendants, including, without limitation, any testimony from expert witnesses regarding damages for breach of contract, other than Plaintiffs' claim for "compensation to Lisa Hoop for her unpaid services in connection with her services in preparing packaging artwork and web site artwork and to Mark Hoop for his time and efforts in successfully demonstrating producibility of the fairing guards," or (2) any claim that Plaintiffs and Defendants are co-inventors of the patented design.

>Stella B. House
>STELLA B. HOUSE,
>ATTORNEY-AT-LAW, P.S.C.
>Post Office Box 422
>Manchester, Kentucky 40962-0422
>Attorney for Defendants/
>Counterclaim Plaintiffs
>
>By: _____
>Stella B. House
>Kentucky Bar No. 81805

## CERTIFICATE OF SERVICE

I certify that an accurate copy of Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine was sent to Alfred J. Mangels, Esq., Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on January 30, 2004.

>STELLA B. HOUSE
>ATTORNEY AT LAW, P.S.C.
>
>By: _____
>Stella B. House, J.D.
>Counsel for Defendants/
>Counterclaim Plaintiffs

cc:  dlott_chambers@ohsd.uscourts.gov
     alyson_stang@ohsd.uscourts.gov