**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

04 FEB 13  AM 11: 33

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' AMENDED AND RESTATED PROPOSED SPECIAL JURY INSTRUCTIONS

Attached are Defendants' amended and restated proposed special jury instructions, aggregating eleven (11) special instructions, which Defendants respectfully request the Court to present to the jury, along with the Court's general instructions.

Respectfully submitted,

*Stella B. House, pro*
Stella B. House (81805)
Attorney at Law, P.S.C.
Post Office Box 422
Manchester, Kentucky 40962-0422
Tel.: (606) 598-1485
Trial Attorney for Defendants/
Counterclaim Plaintiffs

-1-

### Defendants' Requested Special Jury Instruction No. ____

### Breach of Confidential Disclosure Agreement by Mark Hoop

The parties have stipulated that Mark Hoop signed a Confidential Disclosure Agreement at the request of the Hoop Brothers.

If you are satisfied from the evidence that Mark Hoop disclosed confidential information regarding the eagle design fairing guards to third parties in violation of the terms of the Confidential Disclosure Agreement, then you must find that Mark Hoop breached the Confidential Disclosure Agreement. Otherwise, you must find that Mark Hoop did not breach his Confidential Disclosure Agreement with the Hoop Brothers.

If you find that Mark Hoop breached his Confidential Disclosure Agreement with the Hoop Brothers, then you will determine the damages to the Hoop Brothers and award them a sum equal to that amount.

**<u>Defendants' Requested Special Jury Instruction No.</u>**

**<u>Breach of Confidential Disclosure Agreement by Lisa Hoop</u>**

The parties have stipulated that Lisa Hoop signed a Confidential Disclosure Agreement at the request of the Hoop Brothers.

If you are satisfied from the evidence that Lisa Hoop disclosed confidential information regarding the eagle design fairing guards to third parties in violation of the terms of the Confidential Disclosure Agreement, then you must find that Lisa Hoop breached the Confidential Disclosure Agreement. Otherwise, you must find that Lisa Hoop did not breach her Confidential Disclosure Agreement with the Hoop Brothers.

If you find that Lisa Hoop breached her Confidential Disclosure Agreement with the Hoop Brothers, then you will determine the damages to the Hoop Brothers and award them a sum equal to that amount.

**Defendants' Requested Special Jury Instruction No.**

**Invention; Patentability; Patents for Designs; Invention of Design Patents**

The term "invention" means invention or discovery. A person shall be entitled to a patent only if the person invented the subject matter sought to be patented.

The same standards of inventorship apply to design patents that apply to utility patents. Design patents may be obtained by whoever invents any new, original, and ornamental design for an article of manufacture.

An inventor under the patent laws is the person or persons who conceived the patented invention. An inventor may use the services, ideas, and aid of others in the process of perfecting an invention without losing the right to a patent. One may not qualify as a new inventor by merely assisting the actual inventor <u>after conception</u> of the claimed invention.

Minor differences between the prior art and the new claim will not suffice. The differences must be substantial and not just superficial; the new design must contain an inventive concept. The ultimate test for design-patent inventorship is whether the second asserted invention is "substantially similar" to the first.

If you believe the Hoop Brothers invented the eagle design fairing guards, then you must find their patent valid and Mark and Lisa Hoop's patent invalid. If you believe Mark and Lisa Hoop invented the eagle design fairing guards, then you must find their patent valid and the Hoop Brothers' patent invalid.

35 U.S.C. §§ 100(a); 171; 102(f); *C.R. Bard, Inc. v. M3 Sys.,* 157 F.3d 1340 (Fed. Cir. 1998); *Ethicon, Inc. v. United States Surgical Corp.,* 135 F.3d 1456, 1460 (Fed. Cir. 1998); *Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 990 (Fed. Cir. 1993); *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124 (Fed. Cir. 1993); *ShatterproofGlass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 624 (Fed. Cir. 1985); *In re Rousso,* 222 F.2d 729, 731 (CCPA 1955); *In re Zemon,* 205 F.2d 317, 320 (CCPA 1953); *Gotham Mfg. Co. v. White,* 81 U.S. (14 Wall.) 511, 528 (1872).

## **Defendants' Requested Special Jury Instruction No.**

## **Infringement of Patent**

Whoever without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent infringes the patent. Knowledge by the infringer of the existence of a patent and that the infringer is infringing on the patent is not necessary to render the infringer liable for infringement.

If you find that the Hoop Brothers' patent is valid, then you need to determine whether Mark and Lisa Hoop are liable to the Hoop Brothers for damages as a result of their infringement on the Hoop Brothers' patent.

35 U.S.C. § 271(a); *Freedman v. Friedman* 242 F2d 364, 113 (1957 CA4 Md).

**Defendants' Requested Special Jury Instruction No.** ___

**Damages for Patent Infringement**

A patent owner is entitled to damages of no less than a reasonable royalty for the use made of the patent owner's invention by the infringer.

If you find that the Hoop Brothers' patent is valid, as Mark and Lisa Hoop have admitted infringement on the Hoop Brothers' patent, then you must award the Hoop Brothers damages (no less than a reasonable royalty for the use made of the invention by Mark and Lisa Hoop) adequate to compensate the Hoop Brothers for the infringement by Mark and Lisa Hoop.

**Defendants' Requested Special Jury Instruction No.**

**Aggravated Patent Infringement**

Where the infringer organizes a corporation for the sole purpose of manufacturing the infringing product, which was copied from a patented product, it constitutes aggravated infringement.

If you find that the Hoop Brothers' patent is valid and that Mark Hoop organized a corporation for the sole purpose of manufacturing the eagle design fairing guards, then you must determine whether Mark and Lisa Hoop are liable to the Hoop Brothers for increased damages as a result of their aggravated infringement on the Hoop Brothers' patent.

Weller Mfg. Co. v. Wen Products, Inc., 121 F Supp 198 (1954, DC Ill), affd 231 F2d 795 (CA7 Ill)

## Defendants' Requested Special Jury Instruction No. _____

### Increased Damages for Aggravated Infringement

Damages may be increased for aggravated infringement or where acts of infringement were deliberate and/or wilful. If you find that the Hoop Brothers are entitled to damages from Mark and Lisa Hoop and that the acts of infringement by Mark and Lisa Hoop constitute aggravated and/or deliberate and/or wilful infringement, then you may increase the award of damages to the Hoop Brothers on those bases.

35 USC § 284; *Godwim Co. v. International Steel Tie Co.* (1928, CA6 Ohio) 29 F2d 476; *Wensel v. Gold Hill Hardware Mfg. Co.* (1927, DC Cal) 21 F2d 974; *Deere & Co. v. International Harvester Co.* (1978, SD Ill) 460 F.Supp. 523, revd without op (CA7 Ill) 618 F2d 110, on remand (CD Ill) 496 F.Supp. 397; *Eltra Corp. v. Basic, Inc.* (1977, DC Ohio) 193 USPQ 426; *Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.* (1978, DC Cal) 199 USPQ 390; *Milgo Electronic Corp. v. United Telecommunications, Inc.* (1978, DC Kan) 200 USPQ 481.

## Defendants' Requested Special Jury Instruction No.

## Contract Claim of the Hoop Brothers

1. It was Mark Hoop's duty under his contract with the Hoop Brothers to build a die to produce the eagle design fairing guards ("Equipment") for the Hoop Brothers in accordance with the specifications of the Hoop Brothers.

2. If you find that Mark Hoop failed to substantially perform his duty, as set forth in Section 1, then you will find for the Hoop Brothers on their counterclaim against Mark Hoop and award them a sum of money that will adequately and fairly compensate them for the damages caused by Mark Hoop's failure to perform his duty as set forth in Section 1.

3. In either event, you must determine whether the Hoop Brothers are entitled to possession of the Equipment, including, without limitation, all eagle design fairing guards in their possession or within their control; provided, however, that you cannot find that Mark and Lisa Hoop are entitled to retain possession of the Equipment, including, without limitation, all eagle design fairing guards in their possession or within their control, if you find that the Hoop Brothers have a valid patent for the eagle design fairing guards.

*Baker Pool Company v. Bennett, Ky.,* 2111 S.W.2d 335 (1967); *Regalbuto v. Grant, Ky.,* 473 S.W.2d 833 (1971); *Borden v. Litchford, Ky. App.,* 619 S.W.2d 715 (1981).

**Defendants' Requested Special Jury Instruction No.**

### Conversion

If you are satisfied from the evidence that the Hoop Brothers hired and paid Mark Hoop to build the die and other equipment necessary to manufacture the eagle design fairing guards ("Equipment") and that Mark and Lisa Hoop wrongfully failed and/or refused to relinquish possession of the Equipment to the Hoop Brothers, then you must find that Mark and Lisa Hoop converted the Equipment to their own personal use to the detriment of the Hoop Brothers. Otherwise, you must find that Mark and Lisa Hoop did not convert the Equipment to their own personal use.

If you find that Mark and Lisa Hoop converted the Equipment to their own personal use to the detriment of the Hoop Brothers, then you will determine the damages to the Hoop Brothers as a result of Mark and Lisa Hoop's wrongful failure and\or refusal to relinquish possession of the Equipment to the Hoop Brothers and award the Hoop Brothers a sum equal to that amount.

*Sherman v. Adams,* 194 S.W.2d 625 (1946); *Motor Insurance Corp. v. Singleton.* Ky. App., 677 S.W.2d 309, 314-315 (1984); Amlung *v. Bankers Bond Co.,* Ky., 411 S.W.2d 689, 693 (1967); *Goss v. Bisset,* Ky., 411 S.W.2d 50, 53 (1967); *Commercial Credit Corp. v. W.E. Caldwell Co.,* Ky., 279 S.W.2d 803, 801 (1955); *Commercial Credit Corp. v. Tackett,* Ky., 249 S.W.2d 43, 44 (1952); *School Supply Co., Inc. v. First National Bank,* Ky. App., 658 S.W.2d 200, 203 (1985); *Ford Motor Credit Co. v. Hall,* Ky. App., 879 S.W.2d 487 (1994). *See also Sec. 38.06, infra.*

## **Defendants' Requested Special Jury Instruction No.**

## **Quantum Meruit**

"Quantum meruit" means damages in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship.

If you are satisfied from the evidence that Mark Hoop must be compensated in order to avoid unjustly enriching the Hoop Brothers, then you will review the evidence and determine the sum of money which will fairly compensate Mark Hoop for his time and efforts in demonstrating producibility of the eagle design fairing guards.

If you are satisfied from the evidence that Lisa Hoop must be compensated in order to avoid unjustly enriching the Hoop Brothers, then you will review the evidence and determine the sum of money which will fairly compensate Lisa Hoop for preparing packaging artwork and website artwork for the Hoop Brothers.

### Defendants' Requested Special Jury Instruction No. _____

### Copyrights

Copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in a work.

A "work of visual art" is—

> (1) a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved, or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or
>
> (2) a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author.

A work of visual art does not include—

> (A)(i) any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, book, magazine, newspaper, periodical, data base, electronic information service, electronic publication, or similar publication;
>
> (ii) any merchandising item or advertising, promotional, descriptive covering, or packaging material or container;
>
> (iii) any portion or part of any item described in clause (i) or (ii);
>
> (B) any work made for hire;
>
> (C) any work not subject to copyright protection under this title.

If you find that Lisa Hoop is seeking copyright protection for an "idea" or a "concept" in Copyright No. 490-992, regardless of the form in which it is described, explained, illustrated, or

embodied in such work, then you must find that Lisa Hoop is not entitled to copyright protection and her copyright is invalid. If you find that Lisa Hoop is not seeking copyright protection for an "idea" or a "concept," then you must determine whether the drawing in question is visual art or a technical drawing or diagram. If you find that the two-dimensional drawing on which Lisa Hoop obtained a copyright is a technical drawing and/or diagram, then you must find that Lisa Hoop's two-dimensional drawing is not visual art and her copyright on it is invalid. If you find that the two-dimensional drawing is visual art, instead of a technical drawing and/or diagram, then you must decide whether Mark and Lisa Hoop or Jeff and Steve Hoop own the copyright.

If you find that Mark and Lisa Hoop are seeking copyright protection for an "idea" or a "concept" in Copyright No. 494-540, regardless of the form in which it is described, explained, illustrated, or embodied in such work, then you must find that Mark Hoop is not entitled to copyright protection and their copyright is invalid. If you find that Mark and Lisa Hoop are not seeking copyright protection for an "idea" or a "concept," then you must determine whether the eagle design fairing guards are visual art. If you find that the eagle design fairing guards on which Mark and Lisa Hoop obtained a copyright is a model or product to be mass produced in quantities in excess of 200 consecutively signed and numbered copies, then you must find that it is not visual art and their copyright on it is invalid. If you find that the eagle design fairing guards are visual art, instead of a model or product to be mass produced in quantities in excess of 200 consecutively numbered and signed copies, then you must decide whether Mark and Lisa Hoop or Jeff and Steve Hoop own the copyright.

17 U.S.C.S. § 102; 17 U.S.C.S. § 101.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **DEFENDANTS' AMENDED AND RESTATED PROPOSED SPECIAL JURY INSTRUCTIONS** was mailed to Alfred J. Mangels, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on February 9, 2004.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By: _Stella B. House, jp_
Stella B. House, J.D.
Trial Attorney for Defendants/
Counterclaim Plaintiffs

cc:    dlott_chambers@ohsd.uscourts.gov
       alyson_stang@ohsd.uscourts.gov