# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR COSTS, EXPENSES, ATTORNEY'S FEES, AND EXEMPLARY DAMAGES

Defendants have moved the Court for an Order awarding them costs, expenses, attorneys' fees, and exemplary damages. However, Defendants have not identified what categories of costs and expenses they are requesting, nor have they specified any amounts with substantiation and verification by means of receipts or any other credible evidentiary support. Defendants apparently seek a blanket, unspecific Order, which if granted will very likely result in objections and even possible further motions to resolve possible disputes concerning specific, currently-unidentified items that might be encompassed within such a blanket Order, specific, currently-unidentified monetary amounts that might be encompassed within such a blanket Order, and concerning the probative value of documents and other possible support not presently offered by Defendants relating to any such items and monetary amounts.

# I.

## <u>DEFENDANTS' MOTION AS TO COSTS AND EXPENSES SHOULD BE DENIED</u>

Without specific identification of the types of costs and expenses to which Defendants deem themselves entitled, and without itemization of any monetary amounts of such costs and expenses, Plaintiffs cannot intelligently respond to Defendants' motion. Defendants have merely cited a statute and have requested an Order for broad, unspecific relief. Defendants' request is devoid of any indication of precisely what costs and expenses are to be the subject of any award, and what specific monetary amounts are to be encompassed within the Order. Accordingly, the motion should be denied as vague, as indefinite, and as lacking any specifics upon which a meaningful Order could be predicated.

# II.

## <u>DEFENDANTS' MOTION AS TO ATTORNEY'S FEES SHOULD BE DENIED</u>

The title of Defendants' present motion appears to include a request for an award of attorney's fees. Again, however, Defendants' motion provides no basis upon which any particular award could be based. The body of the motion includes no details concerning fees. There is no supporting evidence of fees actually paid by Defendants, and their motion appears, again, to seek a blanket Order. Accordingly, the motion should be denied as vague, as indefinite, and as lacking any specifics upon which a meaningful Order could be predicated. In that regard, the matter of Defendants' request for attorneys' fees is addressed in Plaintiffs' concurrently-filed response to Defendants' separate motion for attorneys' fees.

## III.

## <u>DEFENDANTS' MOTION AS TO EXEMPLARY DAMAGES SHOULD BE DENIED</u>

Defendants have requested exemplary damages on the ground this is an exceptional case. Their basis for concluding the case is exceptional is based solely upon an allegation of willful or intentional infringement. And their supporting authorities do not include any Federal Circuit cases, which, of course, is the appellate court having exclusive appellate jurisdiction over this case because the case raises questions of patent law and copyright law, and Defendants' statutory basis for exemplary damages is a section of the patent laws. See 28 U.S.C. §1295.

Instead of citing relevant Federal Circuit authorities, Defendants cite as authorities only cases that were decided by other courts at a time before the creation of the Federal Circuit, notwithstanding the fact that the Federal Circuit has considered and has decided numerous cases raising the issues of exceptional cases and the propriety of awarding attorneys' fees. Indeed, because of the Federal Circuit's developed jurisprudence applicable to attorneys' fees awards, the cases cited by Defendants are of no precedential value and are not controlling authority. As to which decisions, other than its own, the Federal Circuit has determined to be binding precedent, only cases decided by the former Court of Customs and Patent Appeals and the former Court of Claims, the Federal Circuit's predecessor courts, fall into that category.

> Other than that created by our predecessor courts, no body of law established by any other court or set of courts would appear a suitable candidate for adoption [as precedents]....
> As a court of nationwide geographic jurisdiction, created and chartered with the hope and intent that stability and uniformity would be achieved in all fields of law within its substantive jurisdiction, we begin by adopting as a basic foundation the jurisprudence of the two national courts which served not only as our predecessors, but as outstanding contributors to the administration of justice

for a combined total of 199 years, the Court of Claims and the Court of Customs
and Patent Appeals.
*South v. United States*, 690 F.2d 1368, 1370-71 (Fed. Cir. 1982) (*en banc*).


A.  AT ALL RELEVANT TIMES MARK HOOP WAS OPERATING UNDER COLOR

   OF RIGHT

         As to what could be the basis for a finding of willfulness in a patent infringement

context the Federal Circuit has held:

> With respect to the court's finding of deliberate and willful infringement,
> more is necessary to support a finding of "willfulness" than that the infringing
> acts were not inadvertent.  The court must determine that the infringer acted in
> disregard of the patent, that is, that the infringer had no reasonable basis for
> believing it had a right to do the acts.
> *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983).

The parties have stipulated that their respective design patents that are in issue in this action are

each directed to the same ornamental design invention.  Thus, during the times Mark Hoop made

and sold eagle fairing guards alleged to be the basis for an award of damages he was making and

selling items that were described in and covered by his and Lisa Hoop's patent (U.S. Des.

431,211).  Accordingly, Mark Hoop was operating under color of right, because what he was

doing was within the scope of his and Lisa's patent, which was for all intents and purposes in full

force and effect.  And by operating under color of right, Mark Hoop clearly had a reasonable and

good faith belief that he had the right to make and sell eagle fairing guards that fell within the

scope of his and Lisa Hoop's design patent.  Therefore Mark Hoop's making and selling

activities cannot be said to be willful or intentional infringement.  *See, e.g., American Medical

Systems Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 15  (Fed. Cir. 1993) ("A finding of

willfulness requires the factfinder to find that clear and convincing evidence shows 'that the

infringer acted in disregard of the patent…[and] had no reasonable basis for believing it had a

right to do the acts.'"). The undisputed facts show that Mark Hoop had a reasonable basis for believing he had a right to do what is alleged by Defendants to constitute willful infringement.

The burden of proof on Defendants relative to the willfulness issue is that of clear and convincing evidence. *Carrol Touch Inc. v. Electro Mech. Sys. Inc.*, 15 F.3d 1573, 1584 (Fed. Cir. 1993). No such clear and convincing evidence on the part of Mark Hoop to willfully violate Defendants' patent is cited by Defendants. And none exists. The validity of Defendants' patent was under a cloud in view of the existence of the two patents directed to the same invention.

In making and selling eagle fairing guards Mark Hoop proceeded in good faith based upon his and Lisa Hoop's own patent rights, which at the time and for all intents and purposes were then in effect to shield his conduct from a claim of willful or intentional infringement. Indeed, Defendants' patent could by no means be presumed to be valid at that time. As the Federal Circuit held in a case where two patent owners each received patents directed to the same invention,

> The fact that the Patent and Trademark Office issued patents to both K-C and P&G on the same invention is a serious impediment to the enjoyment of this essential right to exclude. Neither patent owner knows if its patent is valid in light of the other's patent, the presumption of validity provided by 35 U.S.C. § 282 having been eroded by the grant of an "interfering" patent. One owner has a patent which it will lose if asserted against third parties, thereby incurring for itself, the accused infringer, and the public unneeded expense. See 35 U.S.C. § 102(g). The other has to assert or defend its patent before its presumption of validity, at least regarding priority of invention, is meaningful.
> *Kimberly-Clark Corp. v. Proctor & Gamble Distributing Co.*, 973 F.2d 911, 914 (Fed. Cir. 1992)

During the times here involved, Defendants' patent did not enjoy a presumption of validity, and, in fact, it was then of doubtful validity in view of the existence of two patents directed to the

same ornamental design invention. Because of that substantial and significant doubt, Mark Hoop's activities cannot be said to amount to willful or intentional infringement.

Further, by filing a patent in his own and Lisa Hoop's name, Mark Hoop considered himself to be at least a coinventor of the patented design. And by neither Lisa Hoop nor himself being named at least coinventors in Defendants' patent, Mark Hoop believed that Defendants' patent was invalid because it failed to name the true inventors. *Jamesbury Corp. v. United States*, 518 F.2d 1384, 1395 (Ct. Claims 1975) ("inclusion of more or less than the true inventors in a patent renders it void").

Although Defendants likely will rely upon Plaintiffs' concession of infringement, that concession was and is clearly conditioned on the validity of Defendants' patent, which at the time was in doubt. That concession was made merely to simplify the issues in this case. It does not amount to an admission of intentional infringement – it merely short-circuited the need for proof of activities that might be considered to be infringements if Defendants' patent was valid. It did not concede the validity of Defendants' patent. Indeed, the validity of Defendants' patent was uncertain in view of the existence of Plaintiffs' patent directed to the same ornamental design invention.

## B. EVEN IF WILLFUL INFRINGEMENT WERE TO BE FOUND, ENHANCED DAMAGES ARE NOT AUTOMATICALLY MANDATED

"Once a finding of willfulness had been made, the decision to enhance damages, up to three times the amount found, is discretionary. *Graco v. Binks Mfg. Co.*, 60 F.3d 785 (Fed. Cir. 1995). *See, also, Modine Mfg. Co. v. The Allen Group, Inc.*, 917 F.2d 538,543 (Fed. Cir. 1990); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) ("The paramount

determination [for enhanced damages]…is the egregiousness of the defendant's conduct based on all the facts and circumstances. The court must consider factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating."). In operating under the color of right provided by his and Lisa Hoop's patent, Mark Hoop did not engage in egregious conduct, and there are significant mitigating or ameliorating factors..

The Federal Circuit held in SRI *International Inc. v. Advanced Technology Laboratories Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997) (emphasis added):

> Although various criteria have been stated for determining "willful infringement," which is the term designating behavior for which enhanced damages may be assessed, the primary consideration is whether the infringer, *acting in good faith* and upon due inquiry, *had sound reason to believe that it had the right to act in the manner that was found to be infringing.* The law of willful infringement does not search for minimally tolerable behavior, but requires prudent, and ethical, legal and commercial actions. Thus precedent displays the consistent theme of whether a prudent person would have had sound reason to believe that the patent was not infringed or was invalid or unenforceable, and would be so held if litigated.

As noted earlier herein, Mark Hoop had ample reason to believe that Defendants' patent was invalid and unenforceable, because it failed to name the true inventors of the patented ornamental design, and that it would be held to be so if litigated.

Mark Hoop's infringement, even if considered to be willful, had a reasonable basis under the unusual, two-issued-patent circumstances discussed above. Thus exemplary damages are not warranted.

Other than the alleged willful or intentional infringement, which the foregoing establishes is utterly baseless, there does not exist in the record of the present case any other credible ground upon which to justify a finding of exemplary damages. And Defendants point to none.

## **CONCLUSION**

As to its claim for costs, expenses, and attorneys' fees, Defendants' motion should be denied as premature, as insufficiently specific, and as inadequately supported. As to the request for exemplary damages, during the time Mark Hoop made and sold eagle fairing guards he was operating under his own and Lisa Hoop's patent, which was duly issued by the Patent and Trademark Office and was for all intents and purposes in full force and effect. He was therefore operating under color of authority, and in good faith, which cannot be considered to be willful intentional infringement.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION REGARDING COSTS, EXPENSES, ATTORNEY'S FEES, AND EXEMPLARY DAMAGES was served upon counsel for Defendants this 15th day of March 2004, by mailing a copy of the same by first-class mail, postage prepaid, in an envelope addressed as follows:

> Stella B. House, Esq.
> STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422

_____
Date

_____
Alfred J. Mangels
Trial Attorney for Plaintiffs

9