IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Mark R. Hoop, et al., | ) | |
| | ) | Civil Action No. C-1-00-869 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES

Defendants have moved the Court for an Order awarding attorneys' fees, alleging that this is an "exceptional case" warranting an award of fees under 35 U.S.C. § 285. Attached to Defendants' motion are exhibits representing the fees of four law firms that represented Defendants. Those firms rendered services in connection with this action before this Court, in connection with an interlocutory appeal to the Federal Circuit relative to the preliminary injunction, in connection with Defendants' design patent application that matured into their design patent that was in issue in this proceeding, in connection with Defendants' provisional patent application that was not involved in or in issue in this action, in connection with Defendants' utility patent application that was not involved in or in issue in this action, and in connection with the reexamination proceeding that was initiated by Defendants and that was not involved in or in issue in this action, even though it relates to Plaintiffs' design patent.

I

**DEFENDANTS HAVE REQUESTED AN AWARD OF UNRELATED FEES**

Defendants' Exhibit A includes a number of invoices issued by three different law firms. Additionally, Exhibit A includes invoices for fees relating to services not relevant to the litigation in this Court. With respect to those invoices reflecting services in connection with the appeal to the Court of Appeals for the Federal Circuit, Defendants have not cited any authority for an award by this Court of attorneys' fees involved in an appeal. Nor have Defendants cited any authority for an award by this Court of attorneys' fees in connection with the preparation and prosecution in the Patent and Trademark Office of Defendants' design patent application, in connection with the preparation and filing in the Patent and Trademark Office of a provisional patent application that was not involved in or in issue in this action, in connection with the preparation and filing in the Patent and Trademark Office of a utility patent application that was not involved in or in issue in this action, in connection with the filing in the Patent and Trademark Office of a patent reexamination proceeding that was not involved in or in issue in this proceeding, or in connection with an undefined matter handled by the Salawanchick firm and identified by their file designation "JFH-PL2." There is no support cited for any award by this Court of attorneys' fees for services before the Patent and Trademark Office for patent preparation and prosecution, or for services before the Patent and Trademark Office in a patent reexamination proceeding, each of which are purely administrative agency matters that are separate and distinct from this action.

## II

## **ATTORNEYS' FEES ARE THE EXCEPTION, NOT THE RULE**

"Attorneys' fees are not awarded as a matter of course. There must be some underlying authority or requirement before fees can be awarded. ." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967) ("The rule [in this country] has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."); *Alyseka Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."); *Shimman v. International Union of Operating Engineers*, 744 F.2d 1226 (6th Cir. 1984) ("It has long been the general rule in the United States that a prevailing party may not ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a fee award. "); *Sorin v. Bd. Of Edn.*, 46 Ohio St.2d 177 (1976) ("[T]he general 'American rule' does not permit the prevailing party to recover attorney fees, in the absence of statutory authorization, as part of the costs of litigation.").

The Federal Circuit has spoken similarly. *Forest Laboratories, Inc. v. Abbott Laboratories*, No. 03-1067 (Fed. Cir. 2003) ("In interpreting § 285, we have been mindful of the limited circumstances in which an award of attorney fees in appropriate."). And the instances in which an award of attorneys' fees may be warranted are few.

> A district court may award reasonable attorney fees to the prevailing party in a patent infringement case where the conduct of a party is deemed to be "exceptional." 35 U.S.C. § 285. Exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent. The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement. Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional.

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370 (Fed. Cir. 2001) (internal citations omitted)

Defendants have not asserted a contractual basis for attorneys' fees, nor have they asserted bas faith litigation. Accordingly, the only ground upon which Defendants' base their claim for an award of attorneys' fees is 35 U.S.C. § 285, which requires as a prerequisite for an award of attorneys' fees a determination by the Court that the case is "exceptional."

### III

### THIS CASE IS NOT AN EXCEPTIONAL CASE

Defendants have asserted as the only basis for their request for attorneys' fees that this is an exceptional case. And the only ground Defendants have put forward to justify their exceptional case conclusion is alleged willful infringement.

As to what could be the basis for a finding of willfulness in a patent infringement context the Federal Circuit has held:

> With respect to the court's finding of deliberate and willful infringement, more is necessary to support a finding of "willfulness" than that the infringing acts were not inadvertent. The court must determine that the infringer acted in disregard of the patent, that is, that the infringer had no reasonable basis for believing it had a right to do the acts.
> 
> *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983).

The parties have stipulated that their respective design patents that are in issue in this action are each directed to the same ornamental design invention. Thus, during the times Mark Hoop made and sold eagle fairing guards alleged to be the basis for an award of damages he was making and selling items that were described in and covered by his and Lisa Hoop's patent (U.S. Des. 431,211). Accordingly, Mark Hoop was operating under color of right, because what he was doing was within

the scope of his and Lisa's patent, which was for all intents and purposes in full force and effect. And by operating under color of right, Mark Hoop clearly had a reasonable and good faith belief that he had the right to make and sell eagle fairing guards that fell within the scope of his and Lisa Hoop's design patent. Therefore Mark Hoop's making and selling activities cannot be said to be willful or intentional infringement. *See, e.g., American Medical Systems Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 15 (Fed. Cir. 1993) ("A finding of willfulness requires the factfinder to find that clear and convincing evidence shows 'that the infringer acted in disregard of the patent...[and] had no reasonable basis for believing it had a right to do the acts.'"). The undisputed facts show that Mark Hoop had a reasonable basis for believing he had a right to do what is alleged by Defendants to constitute willful infringement.

The burden of proof on Defendants relative to the willfulness issue is that of clear and convincing evidence. *Carrol Touch Inc. v. Electro Mech. Sys. Inc.*, 15 F.3d 1573, 1584 (Fed. Cir. 1993). No such clear and convincing evidence on the part of Mark Hoop to willfully violate Defendants' patent is cited by Defendants. And none exists. The validity of Defendants' patent was under a cloud in view of the existence of the two patents directed to the same invention.

In making and selling eagle fairing guards Mark Hoop proceeded in good faith based upon his and Lisa Hoop's own patent rights, which at the time and for all intents and purposes were then in effect to shield his conduct from a claim of willful or intentional infringement. Furthermore, Defendants' patent could by no means be presumed to be valid at that time. As the Federal Circuit held in a case where two patent owners each received patents directed to the same invention,

> The fact that the Patent and Trademark Office issued patents to both K-C and P&G on the same invention is a serious impediment to the enjoyment of this essential right to exclude. Neither patent owner knows if its patent is valid in light of the other's patent, the presumption of validity provided by 35 U.S.C. § 282 having been eroded by the grant of an "interfering" patent. One owner has a patent which it will lose if asserted against third parties, thereby incurring for itself, the accused infringer, and

> the public unneeded expense. See 35 U.S.C. § 102(g). The other has to assert or defend its patent before its presumption of validity, at least regarding priority of invention, is meaningful.
> 
> *Kimberly-Clark Corp. v. Proctor & Gamble Distributing Co.*, 973 F.2d 911, 914 (Fed. Cir. 1992).

During the times here involved, Defendants' patent did not enjoy a presumption of validity, and, in fact, it was then of doubtful validity in view of the existence of two patents directed to the same ornamental design invention. Because of that substantial and significant doubt, Mark Hoop's activities cannot be said to amount to willful or intentional infringement.

Further, by filing for and obtaining a patent in his own and Lisa Hoop's name, Mark Hoop clearly considered himself to be at least a coinventor of the patented design. And by neither Lisa Hoop nor himself being named at least as a coinventor in Defendants' patent, Mark Hoop believed that Defendants' patent was invalid because it failed to name the true inventors. *Jamesbury Corp. v. United States*, 518 F.2d 1384, 1395 (Ct. Claims 1975) ("inclusion of more or less than the true inventors in a patent renders it void").

Although Defendants likely will assert Plaintiffs' concession of infringement, that concession was and is clearly conditioned on the validity of Defendants' patent, which at the time was in doubt. That concession was made merely to simplify the issues in this case. It does not amount to an admission of intentional infringement – it merely short-circuited the need for proof of activities that might be considered to be infringements if Defendants' patent was valid. It did not concede the validity of Defendants' patent. Indeed, the validity of Defendants' patent was uncertain in view of the existence of Plaintiffs' patent directed to the same ornamental design invention.

By operating under color of right, and by doubts concerning the validity of Defendants' patent, Mark Hoop had a reasonable and good faith belief that he had a right to do what he did, and therefore those activities cannot be said to be willful or intentional infringement. *See,*

*e.g., American Medical Systems Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 15 (Fed. Cir. 1993) ("A finding of willfulness requires the factfinder to find that clear and convincing evidence shows 'that the infringer acted in disregard of the patent...[and] had no reasonable basis for believing it had a right to do the acts.'").

## CONCLUSION

This is not an exceptional case; it does not warrant an award of attorneys' fees. By merely alleging an exceptional case, but not proving it by clear and convincing evidence, Defendants have failed to sustain their high evidentiary burden. Moreover, Mark Hoop clearly had a reasonable basis for believing he had the right to make and sell eagle fairing guards, thereby negating any assertion of willful infringement. Defendants' motion for attorneys' fees is not well taken, and it should be denied.

Respectfully submitted,

Alfred J. Mangels (0015981)
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Trial Attorney for Plaintiffs

Of Counsel:
Timothy A. Magee, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES was served upon counsel for Defendants this 15th day of March 2004, by mailing a copy of the same by first-class mail, postage prepaid, in an envelope addressed as follows:

    Stella B. House, Esq.
    STELLA B. HOUSE, ATTORNEY-AT-LAW, P.S.C.
    Post Office Box 422
    Manchester, Kentucky 40962-0422

Mar. 15, 2004
Date

Alfred J. Mangels
Trial Attorney for Plaintiffs