IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL ACTION NO. C-1-00-869

| | |
|---|---|
| MARK R. HOOP and<br>LISA J. HOOP | PLAINTIFFS/<br>COUNTERCLAIM DEFENDANTS |
| V.   REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO<br>DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES | |
| JEFFREY W. HOOP, STEPHEN E. HOOP, and<br>HOOPSTERS ACCESSORIES, INC. | DEFENDANTS/<br>COUNTERCLAIM PLAINTIFFS |

Defendants/Counterclaim Plaintiffs ("Defendants"), by counsel, reply to Plaintiffs/Counterclaim Defendants' ("Plaintiffs") Memorandum in Opposition to Defendants' Motion for an Award of Attorney's Fees, as follows:

This case fits precisely into the instances in which an award of attorney's fees is warranted.

A district court may award reasonable attorney fees to the prevailing party in a patent infringement case where the conduct of a party is deemed to be "exceptional." 35 U.S.C. § 285. Exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent. The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement. Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370 (Fed. Cir. 2001) (internal citations omitted)

This is an exceptional case. The main reason why it is an exceptional case is Mark Hoop's bad faith from beginning to end. Mark Hoop was not operating under color of right when he deliberately and willfully infringed on Jeffrey and Stephen Hoop's patent. In fact, he acted in disregard of their patent when he applied for a patent on their invention. He signed a Confidential Disclosure Agreement at the request of Jeffrey and Stephen Hoop. He breached the Confidential Disclosure Agreement by numerous acts, including, without limitation, filing copyright and patent

applications on their invention. Then, knowing that Jeffrey and Stephen hoop already had a patent on the invention, Mark Hoop continued to utilize equipment, which he converted from Jeffrey and Stephen hoop, to manufacture eagle design motorcycle fairing guards, which he sold to third parties via internet and magazine advertisements and at motorcycle meets.

The jury's decision and verdict in this civil action clearly confirmed that Mark Hoop had no reasonable basis for believing he had a right to obtain a patent on and/or manufacture and sell the eagle design motorcycle fairing guards. The testimonial and documentary evidence at the trial clearly and convincingly established that Mark Hoop acted in bad faith throughout the copyright and patent application process and thereafter. He deliberately and knowingly attempted to steal Defendants' invention. Mark Hoop's deliberate and willful conduct constitutes sufficient grounds for exemplary damages. This is an exceptional case.

While enhanced damages are not automatic and are discretionary, an award of treble damages to Defendants by the Court is warranted in this civil action. As the Court knows from the testimony at the hearing, Mark Hoop engaged in egregious conduct. Mark Hoop knew that he was not the true inventor of the eagle design motorcycle fairing guards. He knew that Jeffrey and Stephen Hoop conceived the idea for the invention. He signed a Confidential Disclosure Agreement at their request. He performed work for them and accepted payments of money from them. Yet, he wants to argue that his application for both a copyright and a patent on their invention and the manufacturing of the eagle design motorcycle fairing guards with Defendants' equipment, which he converted to his own personal use, does not exhibit deliberate and willful conduct by him and is insufficient to make this an exceptional case. If this type of conduct is condoned by the Court and does not meet the requirements of an exceptional case, then it is difficult to envision or imagine any situation which would rise to the level of an exceptional case.

WHEREFORE, Defendants, by counsel, respectfully request that Defendants' Motion for an Award of Attorney's Fees be **GRANTED**.

> Stella B. House
> STELLA B. HOUSE,
> ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs
>
> By: *Stella B. House, gp.*
> Stella B. House, J.D.
> Kentucky Bar No. 81805

### CERTIFICATE OF SERVICE

I certify that an accurate copy of the Reply to Plaintiffs' Memorandum in Opposition of Defendants' Motion for an Award of Attorney's Fees was mailed to Alfred J. Mangels, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on April 2, 2004.

> STELLA B. HOUSE
> ATTORNEY AT LAW, P.S.C.
>
> By: *Stella B. House, gp.*
> Stella B. House, J.D.
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs

cc:   dlott_chambers@ohsd.uscourts.gov
      alyson_stang@ohsd.uscourts.gov