IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL ACTION NO. C-1-00-869

| | |
|---|---|
| MARK R. HOOP and<br>LISA J. HOOP | PLAINTIFFS/<br>COUNTERCLAIM DEFENDANTS |
| V.   MEMORANDUM IN SUPPORT OF RESPONSE TO<br>PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER<br>OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR<br>AMENDMENT OF THE JUDGMENT | |
| JEFFREY W. HOOP, STEPHEN E. HOOP, and<br>HOOPSTERS ACCESSORIES, INC. | DEFENDANTS/<br>COUNTERCLAIM PLAINTIFFS |

In support of Defendants/Counterclaim Plaintiffs ("Defendants") Response to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, or, in the alternative, for a New Trial or Amendment of the Judgment, Defendants, by counsel, state as follows:

**I.**

**The Jury Did Not Misapprehend the Copyright Authorship Issues**

The Court instructed the jury that: "There is no copyright protection for any <u>idea</u>, procedure, process, system, method of operation, <u>concept</u>, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied" (emphasis added). Mark and Lisa Hoop attempted to obtain copyright protection regarding Jeffrey and Stephen Hoop's idea and concept. The jury refused to condone Mark and Lisa Hoop's actions.

In addition, the jury may have concluded that Mark and Lisa Hoop did not establish that their alleged works were "original" or that they were the "authors" of them. As Mark and Lisa Hoop failed to show that they made a "substantial original contribution" and any contribution by them was "merely of a technical or mechanical nature," the jury's conclusion is both logical and reasonable.

The jury may have decided that the works in which Mark and Lisa Hoop claim a copyright are works made for hire. Clearly, Jeffrey and Stephen Hoop hired and paid Mark and Lisa Hoop. Without question, Mark and Lisa Hoop each signed a "Confidential Disclosure Agreement" at the request of Jeffrey and Stephen Hoop. The jury, having found that the works were "specially ordered" and that Mark and Lisa Hoop's signatures on each respective "Confidential Disclosure Agreement" expressed their agreement that the works would be considered works made for hire, could have logically and reasonably determined that Mark and Lisa Hoop are not the authors of the works, as the parties had not expressly agreed otherwise in a written instrument signed by them.

Jury deliberations are intentionally confidential and almost sacred. The jury is the exclusive fact finder. The jury could have reached its decision on the copyright issues on the bases of the three theories set forth above or via numerous other possible avenues. That is the province of the jury, and its decision should be given the deference and respect due to it.

## II.

### The Jury Misapprehended the Patent Inventorship Issue

The Court instructed the jury that: "An inventor under the patent laws is the person or persons who conceived the patented invention;" "Conception of an invention is the formation in the mind of the inventor of a definite and permanent idea of the complete invention;" "An inventor may use the services, ideas, and aid of others in the process of perfecting an invention without losing the right to a patent;" and "One may not qualify as a new inventor by merely assisting the actual inventor after conception of the claimed invention." The overwhelming evidence adduced at trial, both testimonial evidence as well as documentary evidence, clearly showed that the patented design was conceived by Jeffrey and Stephen Hoop. Consequently, only Jeffrey and Stephen Hoop are the true inventors and only their patent is valid.

### III.

### The Jury's Determination of Patent Infringement Damages is Not Flawed

The Court instructed the jury that it was "entitled to consider any evidence bearing upon profits that the infringing party may have realized from the infringement, as well as any evidence bearing upon the amount of money the patent holder may have lost because of the infringement" and "any doubts regarding the amount are to be resolved against the infringer." The Court properly admonished the jury against awarding "any greater sum than the monetary loss that the patent holder has suffered as a result of the infringement" and "adding any sum to an otherwise just award for the purpose of punishing the infringing party." The jury, having been instructed regarding damages for patent infringement claims, awarded Jeffrey and Stephen Hoop a just and reasonable sum of money for the monetary loss which they suffered as a result of the patent infringement by Mark and Lisa Hoop.

### IV.

### The Jury Did Not Misapprehend the Confidential Disclosure Agreements

Perhaps, the Court should have directed the jury to return to the jury room and specify an amount of damages due to Jeffrey and Stephen Hoop for Mark and Lisa Hoop's breaches of the Confidential Disclosure Agreements. Apparently, the jury believed it had adequately compensated Jeffrey and Stephen Hoop without including additional damages for Mark and Lisa's breach of the Confidential Disclosure Agreements. While this issue could be addressed at the appellate level, if Mark and Lisa Hoop appeal the Judgment in this civil action, Jeffrey and Stephen Hoop do not take issue with it at this time.

V.

**The Jury Did Not Misapprehend the Contract Issues**

Defendants moved the Court for an Order prohibiting Plaintiffs and their legal counsel and each of their witnesses from offering any and all arguments, comments, documents, and/or testimony in support of a claim for breach of contract on the part of Defendants, including, without limitation, any testimony from expert witnesses regarding damages for breach of contract. As grounds for this Motion, Defendants stated that Plaintiffs moved the Court for leave to file a Second Amended Complaint on May 21, 2002, and the Court denied their Motion. Prior to the trial in this civil action, the Court granted Defendants' Motion in Limine and ruled that any claim by Plaintiffs against Defendants would be limited to damages in *quantum meruit*. The Court instructed the jury that "Lisa and Mark Hoop claim that they are entitled to recover the reasonable value of the services that they performed for the benefit of Jeffrey and Stephen Hoop." The jury determined that Mark Hoop breached his contract with Jeffrey and Stephen Hoop. It did not and could not have found a breach of contract by Jeffrey and Stephen Hoop in this civil action. Therefore, the jury's ruling is not inconsistent.

VI.

**The Jury Did Not Misapprehend the Conversion Issues**

The Court instructed the jury that "conversion of personal property is based on <u>wrongful possession</u> by one party of the property of another" (emphasis added). More specifically, the Court stated: "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." Mark and Lisa Hoop, having wrongfully exerted dominion over Jeffrey and Stephen Hoop's personal property in denial of their right to it, converted their personal property.

Mark and Lisa Hoop, having failed to request any instructions on the Ohio Sales Law, which is similar to the Uniform Commercial Code, cannot argue these points of law now. If they wanted instructions regarding these laws, then they should have requested them and objected when they were not given by the Court. Absent such a request and/or objection, they have no legal right to complain about the jury's decision, which comports with the jury instructions given to it, now – after the fact.

**WHEREFORE**, Defendants, by counsel, respectfully request that Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, In the Alternative, for a New Trial or Amendment of the Judgment be **DENIED**.

> Stella B. House
> STELLA B. HOUSE,
> ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs
>
> By: *Stella B. House, JD*
> Stella B. House, J.D.
> Kentucky Bar No. 81805

## CERTIFICATE OF SERVICE

I certify that an accurate copy of the Memorandum in Support of Response to Plaintiffs' Renewed Motion for Judgment as a Matter of Law or, In the Alternative, for a New Trial or Amendment of the Judgment was mailed to Alfred J. Mangels, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on April 8, 2004.

> STELLA B. HOUSE
> ATTORNEY AT LAW, P.S.C.
>
> By: *Stella B. House, JD*
> Stella B. House, J.D.
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs

cc:  dlott_chambers@ohsd.uscourts.gov
     alyson_stang@ohsd.uscourts.gov