**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**        04 MAY 26 PH 12: 15

**CIVIL ACTION NO. C-1-00-869**

MARK R. HOOP and                                                PLAINTIFFS/
LISA J. HOOP                                    COUNTERCLAIM DEFENDANTS

V.        **RESPONSE TO PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR LEAVE TO FILE A LATE REPLY**

JEFFREY W. HOOP, STEPHEN E. HOOP, and                           DEFENDANTS/
HOOPSTERS ACCESSORIES, INC.                      COUNTERCLAIM PLAINTIFFS

Defendants/Counterclaim Plaintiffs ("Defendants"), by counsel, respond to

Plaintiffs/Counterclaim Defendants' ("Plaintiffs") Memorandum in Opposition to Defendants' Motion

for Leave to File a Late Reply, as follows:

Defense counsel was required to file the Motion for Costs, Expenses, Attorneys Fees, and

Exemplary Damages, within ten (10) days after entry of the Judgment by statute. On the night of the

jury's verdict, the Court advised defense counsel that it would grant her an extension to file this Motion

for Costs, Expenses, Attorneys Fees, and Exemplary Damages. Defense counsel should not be

penalized for opting to file it timely and requesting an extension now.

Defense counsel is a solo practitioner in a very busy law firm in Southeastern Kentucky. One

of her clients, Jeffrey W. Hoop, is a resident of Ocala, Florida. Her clients' parents, who paid the

expenses for Defendants' expert witnesses, are residents of Ocala, Florida, as well. Defense counsel

had to communicate and coordinate with these individuals in Florida in order to obtain some of the

documentation which supported the Motion for Costs, Expenses, Attorneys Fees, and Exemplary

Damages.

As the Court will note upon review of the tendered Reply to Plaintiffs' Memorandum in

Opposition to Defendants' Motion for Costs, Expenses, Attorneys Fees, and Exemplary Damages

Page 1 of 2

("Reply"), defense counsel obtained copies of cancelled checks and other receipts from her clients'

parents prior to completing and tendering the Reply. Her clients' parents had to wait for these checks

to clear the bank before she could forward copies of them to defense counsel.

Defendants would be prejudiced by the Court's refusal to allow them to file the Reply.

Plaintiffs' will not be prejudiced by a Court Order allowing Defendants to tender the Reply. In fact,

Plaintiffs requested this detailed information in their Memorandum in Opposition to Motion for Costs,

Expenses, Attorneys Fees, and Exemplary Damages.

**WHEREFORE**, Defendants, by counsel, respectfully request that Defendants' Motion for

Leave to File a Late Reply be **GRANTED**.

> Stella B. House
> STELLA B. HOUSE,
> ATTORNEY-AT-LAW, P.S.C.
> Post Office Box 422
> Manchester, Kentucky 40962-0422
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs
>
> By: _Stella B. House, cp_
> Stella B. House, J.D.
> Kentucky Bar No. 81805

## CERTIFICATE OF SERVICE

I certify that an accurate copy of the Response to Plaintiffs' Memorandum in Opposition to
Defendants' Motion for Costs, Expenses, Attorneys Fees, and Exemplary Damages was sent to Alfred
J. Mangels, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati,
Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130
Sherman Drive, Findlay, Ohio 45840, on May 24, 2004.

> STELLA B. HOUSE
> ATTORNEY AT LAW, P.S.C.
>
> By: _Stella B. House, cp_
> Stella B. House, J.D.
> Trial Attorney for Defendants/
> Counterclaim Plaintiffs