IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Mark R. Hoop, et al., ) | |
| ) | Case No. 1:00cv869 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY**

Plaintiffs respectfully move the Court for leave to file their reply to DEFENDANTS' MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR AMENDMENT OF THE JUDGMENT, which was entered in this action on April 15, 2004 (Docket Entry 137).  A copy of Plaintiffs' Reply that was previously offered for filing on April 26, 2004, but was returned as in violation of Local Rule 7.2, is attached to the accompanying Memorandum in Support of this motion.

                Respectfully submitted,

                <u>s/ Alfred J. Mangels</u>
                Alfred J. Mangels  Bar No.: 0015981
                Attorney for Plaintiffs
                Alfred J. Mangels
                4729 Cornell Road
                Cincinnati, Ohio 45241
                Tel.: (513) 469-0470
                Fax: (513) 489-6030
                e-mail: amangels@fuse.net

Of Counsel:
Timothy A. Magee, Esq.

-2-

## MEMORANDUM IN SUPPORT

Plaintiffs filed their Rule 59 motion on February 23, 2004 (Docket Entry 126). A response by Defendants was due on March 18, 2004. Defendants timely opposed the motion in their Response filed on March 12, 2004 (Docket Entry 127). Plaintiffs elected not to file a Reply to Defendants' Response, because that Response did not address the several substantive points that Plaintiffs had raised in their JMOL motion and supporting memorandum. Indeed, Defendants' perfunctory Response can be summed up as, "The jury's verdict was correct," which was wholly unresponsive to Plaintiffs' arguments warranting JMOL.

After the expiration of the twenty-one day time limit mandated by Local Rule 7.2 for filing a Response, and having already once responded to Plaintiffs' JMOL motion, Defendants moved on April 12, 2004, fully twenty-five days late, for leave to file a second Response (Docket Entry 135). Notably, Defendants' motion for leave did not identify or even refer to their first Response, and gave as their reason for leave that their proposed Response, "will be beneficial to the Court." And no unusual or extenuating circumstances to justify such a late filing were offered by Defendants.

Seven days after Defendants' motion for leave was filed, and before expiration of the twenty-one day period within which Plaintiffs were entitled under L.R. 7.2 to file an opposition to Defendants' motion, the Court, without the benefit of Plaintiffs' response regarding the propriety of the proposed late filing, summarily granted Defendants' motion for leave (Docket Entry 136). Accordingly, Defendants' second Response to Plaintiffs' JMOL motion was entered that same day (Docket Entry 137).

The time within which Plaintiffs were entitled under L.R. 7.2 to file a Reply to Defendants' second Response would have extended to and including April 26, 2004, because that document had been served by mail and was not effective until officially filed on April 15, 2004.  Plaintiffs' Reply to that second Response of Defendants was submitted to the Clerk's office on April 26, 2004, but it was returned to Plaintiffs' counsel with a letter from the Clerk dated May 20, 2004 (copy attached), with the reason for its return given by the Clerk that the document was in violation of L.R. 7.2 as not having been timely filed.

Because the rules permit a reply to be filed by the movant (in this instance the movant for JMOL) when a Response is served and filed, leave to file the attached Reply is respectfully requested.  It is respectfully urged that justice and fairness require that this motion for leave be granted, in view of Defendants having been accorded two separate opportunities to respond to the JMOL motion, and in view of Plaintiffs' timely service and filing of the originally-submitted attached Reply to Defendants' second Response.

Additionally, in Defendants' second Response (Docket Entry 137), to which Plaintiffs attempted, unsuccessfully, to respond, Defendants raised matters that had not been raised in their first Response.  Plaintiffs, both by right and in fairness, should be permitted to reply to that second Response.

## **CONCLUSION**

Defendant's second Response offers new reasons in opposition to Plaintiffs' JMOL motion, reasons not previously presented by Defendants, and Plaintiffs should be given an

opportunity to reply to those new reasons. This motion for leave to file a Reply should therefore be granted, and such favorable action is respectfully requested.

          Respectfully submitted,

          s/ Alfred J. Mangels
          Alfred J. Mangels  Bar No.: 0015981
          Attorney for Plaintiffs
          Alfred J. Mangels
          4729 Cornell Road
          Cincinnati, Ohio 45241
          Tel.: (513) 469-0470
          Fax: (513) 489-6030
          e-mail: amangels@fuse.net

Of Counsel:
Timothy A. Magee, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stella B. House, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

          s/ Alfred J. Mangels
          Alfred J. Mangels  Bar No.: 0015981
          Attorney for Plaintiffs
          Alfred J. Mangels
          4729 Cornell Road
          Cincinnati, Ohio 45241
          Tel.: (513) 469-0470
          Fax: (513) 489-6030
          e-mail: amangels@fuse.net