**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| Mark R. Hoop, et al., ) | |
| ) | Case No. 1:00cv869 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | District Judge Susan J. Dlott |
| Jeffrey W. Hoop, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN ADDITIONAL LATE REPLY

Defendants have moved the Court (Docket Entry 141) for leave to file a late reply to PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ORDER REQUIRING PRODUCTION OF DOCUMENTS (Docket Entry 132). Plaintiffs' memorandum in opposition to that motion was served on Defendants' counsel by mail on March 22, 2004. Accordingly, Defendants' reply was due on April 1, 2004, more than seven weeks before Defendants filed the present motion for leave to file a late reply.

This is not the first request by Defendants for leave to file a reply beyond the time limit specified in Local Rule 7.2(a)(2). Defendants have shown a persistent pattern of disregard for this Court's local rule that applies to motion-related time limits. Indeed, they have filed three previous motions for leave to file replies later than the time prescribed by the rules (Docket Entries 135, 138, and 139). The present motion is Defendants' fourth in the continuing series of motions for leave to file out-of-time replies.

The previous motions for leave to file late replies were unsupported by reasonable bases therefor. They provided no justification other than that "the information in the Reply will be beneficial to the Court and supportive of the Defendants' motion." No reasons were given by Defendants as to why they could not have replied within the time limits prescribed by this Court's local rules, or even to have requested an extension to file at a time before expiration of the prescribed time period.

Fed. R. Civ. P 6(b)(2) permits enlargement of a prescribed period for response. Such enlargement can be requested after expiration of the time period, by motion, "where the failure to act was the result of excusable neglect." No such showing of excusable neglect has been made by Defendants to warrant an enlargement of the time to reply to Plaintiffs' Memorandum in Opposition. In fact, no showing of excusable neglect has been offered by Defendants in support of any of their other motions for leave to file responses later than the time prescribed.

With regard to what constitutes excusable neglect, Black's Law Dictionary defines it thusly:

> *excusable neglect.* A failure – which the law will excuse – to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.
> Black's Law Dictionary 1055 (7th ed. 1999).

Defendants have cited no unexpected or unavoidable hindrance that would justify a finding of excusable neglect and warrant leave for a late filing.

Perhaps Defendants will assert in their reply to this opposition to their additional motion for more leave to file a reply late that their counsel "is a solo practitioner in a very busy

law firm in Southeastern Kentucky." That reason was one that was offered by Defendants in their RESPONSE TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A LATE REPLY (Docket Entry 142). But to offer as an excuse for requesting post-expiration leave of the Court that one is busy is tantamount to saying, "I have more important matters to attend to than to meet your time requirements." If a busy practice is Defendants' justification, it is incumbent upon them to produce some authority for such a proposition as amounting to "excusable neglect." Plaintiffs' counsel is unaware of the existence of any such authority. And if there were such authority, it doubtless would require that the request for leave to late file be filed at a time *before* the expiration of the prescribed period, not afterward, because counsel are presumed to know the rules relating to filing deadlines, and ignorance of those rules is no excuse.

More significantly, however, Defendants' MOTION FOR ORDER REQUIRING PRODUCTION OF DOCUMENTS (Docket Entry 123) requested the Court to order the production of certain documents by Fifth Third Bank, not by Plaintiffs. And it does not appear from the Certificate of Service attached to the motion for leave to file a late reply (Docket Entry 141) that Fifth Third Bank was even served with that motion.

Finally, each of Defendants' post-trial motions, including the present motion, is based upon the misapprehension that the judgment entered on February 12, 2004, is a final appealable order, and that they are therefore entitled to the requested post-trial relief. In fact, however, that judgment is not a final appealable order, because Plaintiffs' JMOL and new trial motion operates to extend the time for filing an appeal until this Court rules on that motion (see Fed. R. App. P. 4(a)(4)). And as the Advisory Committee's Notes to Fed. R. Civ. P. 6(b) state, "[R]eference is made to the established rule that if a motion for new trial is seasonably made, the

mere making or pendency of the motion destroys the finality of the judgment…." Plaintiffs have timely moved for a new trial (Docket Entry 126), and therefore each of Defendants' post-trial motions is premature as not founded upon the existence of a final judgment.

## CONCLUSION

No reason whatsoever has been given by Defendants as to why their reply could not have been timely filed, nor has the requirement of a showing of excusable neglect of Fed. R. Civ. P. 6(b) been met. In any event, the judgment previously entered is not final, rendering as premature each of Defendants' post-trial motions, including the present motion for leave to permit a late filing. Defendants' motion for leave to again file a reply late should accordingly be denied.

Respectfully submitted,

s/ Alfred J. Mangels
Alfred J. Mangels  Bar No.: 0015981
Attorney for Plaintiffs
Alfred J. Mangels
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Fax: (513) 489-6030
e-mail: amangels@fuse.net

Of Counsel:
Timothy A. Magee, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Stella B. House</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>none</u>.

<u>s/ Alfred J. Mangels</u>
Alfred J. Mangels  Bar No.: 0015981
Attorney for Plaintiffs
Alfred J. Mangels
4729 Cornell Road
Cincinnati, Ohio 45241
Tel.: (513) 469-0470
Fax: (513) 489-6030
e-mail: amangels@fuse.net
