IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mark R. Hoop *et al.* | : | |
| | : | Case No. C-1-00-869 |
| Plaintiffs/ | : | |
| Counterclaim Defendants | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | AND DENYING IN PART |
| Jeffrey W. Hoop *et al.* | : | DEFENDANTS' MOTION |
| | : | REGARDING NOTICE BY AND |
| Defendants/ | : | TO PATENT AND |
| Counterclaim Plaintiffs | : | TRADEMARK AND |
| | : | COPYRIGHT OFFICES |
| | : | |

This matter comes before the Court on Defendants Jeffrey W. Hoop, Stephen E. Hoop and Hoopsters Accessories, Inc. (collectively, "the Hoopsters")'s Motion for Order Regarding Notice by/to U.S. Patent and Trademark and Copyright Offices. (Doc. #124.) Plaintiffs Lisa Hoop ("Lisa") and Mark Hoop ("Mark") oppose this motion only on the ground that it is premature, given that at the time that the motion was filed, Lisa and Mark's motion for judgment as a matter of law, amendment of the judgment or a new trial (doc. #126) remained pending. Having since denied Mark and Lisa's motion for judgment as a matter of law, amendment of the judgment or a new trial, the Court now considers the Hoopsters' motion on the merits.

The Hoopsters ask for declaratory and injunctive relief of various types, citing no authority for the Court's power to issue the orders that they seek. Several of the Court actions that the Hoopsters seek were not prayed for in their counterclaim and are either not within the Court's authority or inappropriate. In particular, they ask the Court to order the Director of the

Patent and Trademark Office ("PTO") to publish a notice in the PTO's Gazette informing the public that United States Design Patent No. Des. 431,211 is invalid and unenforceable, to order Mark and Lisa to file a written disclaimer of any right in or to the design encompassed by Des. 431,211 or United States Design Patent No. Des. 428,831, and to issue "a permanent injunction against further use of any and all copyrights regarding the eagle design" by Lisa and Mark. (Doc. #124 at 2.)  The Court will not grant these requests.  However, the remaining relief requested consists of declaratory and permanent injunctive relief that was requested in the Hoopsters' counterclaims, flows directly from the jury's findings, and is within the Court's authority to provide.  See 28 U.S.C. § 2201(a) (with some exceptions inapplicable here, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"); 35 U.S.C. § 283 ("The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.")

     For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants Jeffrey W. Hoop, Stephen E. Hoop and Hoopsters Accessories, Inc.'s Motion for Order Regarding Notice by/to U.S. Patent and Trademark and Copyright Offices.  (Doc. #124.) The Court **DECLARES** that United States Design Patent No. Des. 431,211 is invalid and unenforceable; **DECLARES** that Jeffrey W. Hoop and Stephen E. Hoop are the true and sole inventors of the ornamental design and invention claimed, described and shown in United States Design Patent Nos. 431,211 and 428,831; permanently **ENJOINS** Plaintiffs Lisa Hoop and Mark

Hoop, together with their agents, attorneys, employees, representatives, and servants, as well as any other entity or individual in active concert or participation with them, from infringing United States Design Patent No. Des. 428,831; and **DECLARES** to be invalid Lisa Hoop and Mark Hoop's copyrights regarding and/or relating to the eagle design, whether individually and/or jointly, including, without limitation, United States Copyright Registration Nos. Vau 490-992 and 494-540.  The Court **DENIES** the other relief requested by the Motion for Order Regarding Notice by/to U.S. Patent and Trademark and Copyright Offices.

    IT IS SO ORDERED.

                                                            ___s/Susan J. Dlott_____
                                                             Susan J. Dlott
                                                              United States District Judge