IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mark R. Hoop *et al.* | : | |
| | : | Case No. C-1-00-869 |
| Plaintiffs/ | : | |
| Counterclaim Defendants | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | AND DENYING IN PART |
| Jeffrey W. Hoop *et al.* | : | DEFENDANTS' MOTIONS FOR |
| | : | INTEREST, COSTS, EXPENSES, |
| Defendants/ | : | ATTORNEY FEES AND |
| Counterclaim Plaintiffs | : | EXEMPLARY DAMAGES |

      This matter comes before the Court on Defendants Jeffrey W. Hoop ("Jeff"), Stephen E. Hoop ("Steve") and Hoopsters Accessories, Inc. (collectively, "the Hoopsters")'s Motion for Order Awarding Interest, Costs, Expenses, Attorney's Fees, and Exemplary Damages (doc. #121), their Motion for Order Awarding Attorney's Fees (doc. #125), and their Motion for Leave to File Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Costs, Expenses, Attorneys Fees and Exemplary Damages (doc. #139).  In this case, judgment was entered on jury findings that, <u>inter alia</u>, Mark Hoop ("Mark") had infringed a patent obtained by Jeff and Steve, United States Design Patent No. Des. 428,831 for the design of an eagle-shaped motorcycle fairing guard and, as a result, Jeff and Steve were entitled to $10,800 in damages for patent infringement. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Hoopsters' motion for interest, costs, expenses, attorney fees and exemplary

damages, **DENIES** their separately-filed motion for attorney fees, and **DENIES** their motion for leave to file a reply out of time.

Six weeks after the deadline for filing a reply memorandum in support of their motion for interest, costs, expenses, attorney fees and exemplary damages, the Hoopsters filed a motion for leave to file a reply out of time. In support, the Hoopsters argue that their counsel is a solo practitioner located in Kentucky and that Jeff and some of the keepers of documents relevant to the Hoopsters' motions live in Florida. They also argue that the documentation required to support their reply was not available until after the regular reply deadline. However, none of the reasons that the Hoopsters offer for their tardiness explains why they did not request an extension before the deadline for filing a reply. Thus, the Court will deny the Hoopsters' motion for leave to file a late reply in support of their motion for costs, expenses, attorneys fees and exemplary damages.

In their remaining motions, Hoopsters ask the Court to award them interest, costs, expenses, attorney fees and exemplary damages. With respect to interests and costs, 35 U.S.C. § 284 provides that a party who succeeds on a claim of patent infringement is entitled to no "less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Pursuant to this statute, prejudgment interest should be awarded "absent some justification for withholding such an award." Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983). The rate at which such an award should be calculated is within the discretion of the Court. Laitram Corp. v. NEC Corp., 115 F.3d 947, 955 (Fed. Cir. 1997). Mark does not appear to oppose an award of pre-judgment interest except to offer general opposition to the motion as unspecific and premature. Having denied Mark and co-

Plaintiff Lisa Hoop ("Lisa")'s motion for judgment as a matter of law or a new trial, the Hoopsters' motions cannot be considered premature. Thus, the Court will grant the Hoopsters' request for prejudgment interest. Their counsel is ordered to calculate the amount of interest at the United States Treasury bill rate, see id., and to confer with opposing counsel and work out any discrepancies through extrajudicial efforts.

Hoopsters also seek "costs" on the authority of 35 U.S.C. § 284. However, they do not specify in their motion the particular costs that they seek. Even where a party prevailing on its patent infringement claim is entitled to costs under § 284, the types of costs available are determined by the general federal statute governing costs in litigation, in particular, 28 U.S.C. § 1920.[1] See John M. Skenyon et al., Patent Damages Law & Practice § 4:12 (2003). The Court therefore finds that the Hoopsters are entitled to costs as set forth in 28 U.S.C. § 1920. Since § 1920 instructs that "[a] bill of costs shall be filed in the case," the Court directs the Hoopsters to Local Rule 54.1 for guidance on the time and procedures for filing bills of costs with the Clerk.

Additionally, the Hoopsters seek "exemplary damages." 35 U.S.C. § 284 permits the district court to increase damages awarded a successful patent infringement claimant "up to three times the amount found or assessed."

> Although various criteria have been stated for determining "willful infringement," which is the term designating behavior for which enhanced damages may be assessed, the primary consideration is whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing. The law of willful infringement does not search for minimally tolerable behavior, but

---

[1] By its ruling, the Court expresses no opinion as to whether 28 U.S.C. § 1920 entitles the Hoopsters to any of the "costs and expenses" that they list in their proposed reply memorandum in support of their motion for costs.

> requires prudent, and ethical, legal and commercial actions. Thus precedent displays the consistent theme of whether a prudent person would have had sound reason to believe that the patent was not infringed or was invalid or unenforceable, and would be so held if litigated.

SRI Int'l, Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1464-65 (Fed. Cir. 1997).  The Hoopsters contend that Mark acted deliberately and willfully in infringing Jeff and Steve's patent and that thus they are entitled to treble damages.  Mark argues that he is not subject to treble damages because he had sound reason to believe that Jeff and Steve's patent was invalid and unenforceable when he infringed it because the patent failed to name the true inventors of the patented design.  He grounds that argument in part on the fact that the United States Patent and Trademark Office ("PTO") had issued him and Lisa a patent for the identical design.  Indeed, the issuance of interfering patents undermines the presumption of validity of each.  See Kimberly-Clark Corp. v. Proctor & Gamble Distrib. Co., 973 F.2d 911, 914 (Fed. Cir. 1992) (where PTO issues two patents on the same invention, "[n]either patent owner knows if its patent is valid in light of the other's patent, the presumption of validity provided by 35 U.S.C. § 282 having been eroded by the grant of an 'interfering' patent").  Thus, the fact that the PTO issued a patent to Mark for the identical design as that addressed by Jeff and Steve's patent gave Mark some reason to believe that Jeff and Steve's patent for that design was invalid.  Additionally, the Court notes that the question of inventorship in this case was somewhat close, giving Mark additional basis for such a belief.  Therefore, the Court will not order Mark to pay the Hoopsters additional damages pursuant to 35 U.S.C. § 284.

The Hoopsters also ask for attorney fees and "expenses."  Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

The Federal Circuit has identified as "exceptional" those cases involving inequitable conduct before the PTO, litigation misconduct, vexatious, unjustified, and otherwise bad faith litigation, a frivolous suit or willful infringement. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003). The Hoopsters cite as grounds for their attorney fees request "Mark Hoop's bad faith from beginning to end," (doc. #134 at 1), including Mark's willful infringement of Jeff and Steve's patent, his disregard of their patent in applying for his own patent, and his actions amounting to breach of contract and conversion. The Court has already found that Mark's infringement of Jeff and Steve's patent should not be considered willful, given that he was acting under color of right by virtue of having his own patent for the same design. With respect to their argument that Mark acted inequitably by filing a patent application, the Hoopsters cite no evidence that Mark knew about Jeff and Steve's patent application when he applied for his own, and Mark testified that he did not know that Jeff and Steve had filed for a patent when he applied for a patent. Without evidence that Mark knew about Jeff and Steve's patent application when he filed his own application, Mark's filing of a patent application itself was not inequitable, given that the question of inventorship was relatively close. Finally, the Hoopsters cite no authority for the proposition that commission of other torts attendant to the patent infringement provides a basis for attorney fees. Therefore, the Court does not find that this is an "exceptional case" where an attorney fees award is warranted.

    For the proposition that they are entitled to unspecified "expenses," the Hoopsters cite only an opinion where a federal district judge found that a successful patent infringement claimant was entitled to expenses along with attorney fees. See Milgo Elec. Corp. v. United Telecomms., Inc., No. KC-3380, 1978 WL 21732, 200 U.S.P.Q. 481, 491 (D. Kan. Apr. 7,

1978).  However, the Hoopsters cite no statute or other controlling authority for this proposition, and the Milgo opinion does not make clear the authority for its conclusion that the plaintiff was entitled to expenses.  Moreover, a subsequent judgment entered in that case did not include an award of expenses.  See Milgo Elec. Corp. v. United Telecomms., Inc., No. KC-3380, 1978 WL 21736, 200 U.S.P.Q. 639 (D. Kan. June 13, 1978).  If the Hoopsters intend to suggest that by its explicit provision for attorney fees 35 U.S.C. § 285 implicitly provides for expenses, that argument is of no assistance to the Hoopsters given the Court's finding that this is not an exceptional case warranting attorney fees under 35 U.S.C. § 285 .

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants Jeffrey W. Hoop, Stephen E. Hoop and Hoopsters Accessories, Inc.'s Motion for Order Awarding Interest, Costs, Expenses, Attorney's Fees, and Exemplary Damages (doc. #121), **DENIES** their Motion for Order Awarding Attorney's Fees (doc. #125), and **DENIES** their Motion for Leave to File Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Costs, Expenses, Attorneys Fees and Exemplary Damages (doc. #139).  The Court awards Defendants Jeffrey W. Hoop, Stephen E. Hoop and Hoopsters Accessories, Inc. prejudgment interest on the $10,800 patent infringement damages award and finds that they are entitled to seek costs by filing a bill of costs with the Clerk.  However, the Court denies their requests for expenses, attorney fees and exemplary damages.

IT IS SO ORDERED.

                                                                    s/Susan J. Dlott
                                                                   Susan J. Dlott
                                                                   United States District Judge