**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

*FILED*
*JAN 2 0 2004*
*JAMES BONINI, Clerk*
*CINCINNATI, OHIO*

CIVIL ACTION NO. C-1-00-869

MARK R. HOOP and                                        PLAINTIFFS/
LISA J. HOOP                            COUNTERCLAIM DEFENDANTS

V.                          **MOTION IN LIMINE**

JEFFREY W. HOOP, STEPHEN E. HOOP, and                  DEFENDANTS/
HOOPSTERS ACCESSORIES, INC.            COUNTERCLAIM PLAINTIFFS

Defendants/Counterclaim Plaintiffs, Jeffrey W. Hoop, Stephen E. Hoop ("Stephen"), and

Hoopsters Accessories, Inc. (collectively "Defendants"), by counsel, move the Court for an Order

prohibiting Plaintiffs/Counterclaim Defendants, Mark R. Hoop and Lisa J. Hoop (collectively

"Plaintiffs"), and their legal counsel and each of their witnesses from offering any and all arguments,

comments, documents, and/or testimony in support of a claim for breach of contract on the part of

Defendants, including, without limitation, any testimony from expert witnesses regarding damages

for breach of contract, or any claim that Plaintiffs are co-inventors of the patented design. As

grounds for this Motion, Defendants state that Plaintiffs moved the Court for leave to file a Second

Amended Complaint on May 21, 2002 (Docket #51). In Plaintiffs Memorandum in Support of this

Motion for Leave to File Second Amended Complaint, Plaintiffs stated:

> A new count has been included in the appended SECOND
> AMENDED COMPLAINT, Count III, in which Plaintiffs each allege
> a breach of contract on the part of the Defendants. Lisa Hoop was
> never paid by Defendants for her package design artwork and her web
> site artwork, which Defendants had authorized and the results of
> which were provided to Defendants. Additionally, Mark Hoop was
> never paid for his time devoted to proving the feasibility of
> manufacturing eagle design fairing guards by a die casting process,
> nor for the ancillary trimming and other equipment that was necessary
> for manufacturing the fairing guards in quantity.



Regarding the payment due Mark from Defendants, the understanding between the parties, which was proposed by Mark and was accepted by Defendants, was that Mark would be reimbursed for his out-of-pocket expenses for materials and for his travel costs incident to his efforts to make a die casting mold that could be used to manufacture eagle fairing guards. However, any compensation for Mark's time involved in making and developing the die casting mold and in proving the feasibility of producing the eagle-design fairing guards by die casting would be contingent upon Mark's successfully producing die cast, three-dimensional fairing guards having the eagle ornamental design that had been prepared in two-dimensional form by Lisa Hoop. Although Mark satisfied that condition by delivering acceptable die cast eagle fairing guards to Defendants, Defendants never paid Mark for his time, nor for his cots incurred for producing the ancillary equipment needed for manufacturing the guards in quantity, despite his request that they do so. Defendants accepted die cast fairing guards provided by Mark as evidence of feasibility of manufacture. In fact, Defendants demonstrated their acceptance of Mark's efforts by having photographs made of the eagle-design die-cast fairing guards provided to them by Mark, and by submitting those photographs to the Patent and Trademark Office as the drawings for their design patent application. Thus, although Mark fulfilled his self-imposed obligation to demonstrate feasibility, which was agreed to by Defendants, Defendants never satisfied their part of the bargain.

Defendants objected to Plaintiffs' request to add a count for breach of contract to their Complaint (Docket #54 ¶ 2) and the modification of the prayer for relief to request a declaration that Plaintiffs are co-inventors of the patented design (Docket #54 ¶3). On August 29, 2002, Honorable Susan J. Dlott, United States District Court Judge, denied Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket #66).

WHEREFORE, Defendants, by counsel, respectfully request the Court for an Order prohibiting Plaintiffs and their legal counsel and each of their witnesses from offering any and all arguments, comments, documents, and/or testimony in support of a claim for breach of contract on the part of Defendants, including, without limitation, any testimony from expert witnesses regarding damages for breach of contract, or any claim that Plaintiffs are co-inventors of the patented design.

STELLA B. HOUSE,
ATTORNEY-AT-LAW, P.S.C.
Post Office Box 422
Manchester, Kentucky 40962-0422
(606) 598-1485

By:  _Stella B. House, gp_____
     Stella B. House, J.D.
     Counsel for Defendants/
     Counterclaim Plaintiffs
     Kentucky Bar No. 81805

## NOTICE

The foregoing Motion in Limine will be heard on February 2, 2004, or, in the alternative, at the convenience of this Honorable Court.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By:  _Stella B. House, gp_____
     Stella B. House, J.D.
     Counsel for Defendants/
     Counterclaim Plaintiffs

## CERTIFICATE OF SERVICE

I certify that an accurate copy of the Motion in Limine was sent to Alfred J. Mangels, Esq., Counsel for Plaintiffs/Counterclaim Defendants, 4729 Cornell Road, Cincinnati, Ohio 45241, and Timothy A. Magee, Esq., Co-Counsel for Plaintiffs/Counterclaim Defendants, 130 Sherman Drive, Findlay, Ohio 45840, by United States mail, postage prepaid, on January 16, 2004.

STELLA B. HOUSE
ATTORNEY AT LAW, P.S.C.

By:  _Stella B. House, gp_____
     Stella B. House, J.D.
     Counsel for Defendants/
     Counterclaim Plaintiffs

cc:   amangels@fuse.net
      dlott_chambers@ohsd.uscourts.gov
      alyson_stang@ohsd.uscourts.gov

READ INSTRUCTIONS AT THE BOTTOM OF THIS FORM

## TRANSCRIPT ORDER

| District Court | District Court Docket Number |
|---|---|
| U.S. District Court, Southern District | C-1-00-869 |

Short Case Title _Hoop v. Hoop_

Date Notice of Appeal Filed by Clerk of District Court _09/07/04_    COA# _Federal Circuit 04-1590_

---

**PART I.** (TO BE COMPLETED BY PARTY ORDERING TRANSCRIPT, THE FORM MUST BE SIGNED WHETHER OR NOT TRANSCRIPT IS ORDER).

**A. Complete one of the following:**
- ☐ No Hearings
- ☐ Transcript is unnecessary for appeal purposes
- ☐ Transcript is already on file in District Court Clerk's Office
- ☐ This is to order a transcript of the following proceedings: (specify exact dates of proceedings)

| | JUDGE MAGISTRATE | HEARING DATE(S) | COURT REPORTER |
|---|---|---|---|
| Pre-trial proceedings | Dlott | 02-11-04 | |

Testimony (specify witnesses) _I need Judge Dlott's statement to the Jury immediately after the verdict_

Other (specify) _____

TRANSCRIPT OF THE FOLLOWING PROCEEDINGS WILL BE PROVIDED ONLY IF SPECIALLY AUTHORIZED. SEE ITEM 13 CJA FORM 24
Voir Dire ☐;   Opening statement of plaintiff ☐   defendant ☐;
Closing argument of plaintiff ☐   defendant ☐;
Jury instructions ☐;

**FAILURE TO SPECIFY IN ADEQUATE DETAIL THOSE PROCEEDINGS TO BE TRANSCRIBED, OR FAILURE TO MAKE PROMPT SATISFACTORY FINANCIAL ARRANGEMENTS FOR TRANSCRIPT, ARE GROUNDS FOR DISMISSAL OF THE APPEAL.**

**B.** This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the cost of the transcript. This method of payment will be:
- ☐ Criminal Justice Act (Attach copy of CJA from 24)
- ☑ Private Funds

Date _01/24/05_

Signature _Stella B House_   Print Name _Stella B House_   Counsel for _Jeff & Steve Hoop_
Address _PO Box 422, 221 Old Highway 431, Winchester, KY 4696_   Telephone _(606) 598-1485_

ALLOWANCE BY THE COURT OF LEAVE TO PROCEED IN FORMA PAUPERIS IN A CIVIL APPEAL DOES NOT ENTITLE THE LITIGANT TO HAVE TRANSCRIPT AT GOVERNMENT EXPENSE.

---

**PART II.**   COURT REPORTER ACKNOWLEDGMENT (TO be completed by the Court Reporter and forwarded to the Court of Appeals within 10 days after receipt).

| Date transcript order received | Estimated completion date; if not within 45 days of date financial arrangements made, motion for extension to be made to Court of Appeals | Estimated number of pages |
|---|---|---|
| | | |

☐ Arrangements for payment were made on _____
☐ Arrangements for payment have not been made pursuant to FRAP (10(b)

_____   _____   _____
Date   Signature of Court Reporter   Telephone

---

**PART III.**   NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE DISTRICT COURT (To be completed by court reporter on date of filing transcript in District Court and notification must be forwarded to Court of Appeals on the same date)

This is to certify that the transcript has been completed and filed with the District Court today.

_____ Actual Number of Pages          _____ Actual Number of Volumes

_____   _____
Date   Signature of Court Reporter

6CA-30

READ INSTRUCTIONS AT THE BOTTOM OF THIS FORM

## TRANSCRIPT ORDER

| District Court U.S. District Court, Southern District | District Court Docket Number C-1-00-869 |
|---|---|

Short Case Title __Hoop v. Hoop__

Date Notice of Appeal Filed by Clerk of District Court __09/07/04__          COA# __Federal Circuit 04-1599__

---

**PART I.** (TO BE COMPLETED BY PARTY ORDERING TRANSCRIPT, THE FORM MUST BE SIGNED WHETHER OR NOT TRANSCRIPT IS ORDER).

**A. Complete one of the following:**
- ❏ No Hearings
- ❏ Transcript is unnecessary for appeal purposes
- ❏ Transcript is already on file in District Court Clerk's Office
- ❏ This is to order a transcript of the following proceedings: (specify exact dates of proceedings)

|  | JUDGE MAGISTRATE | HEARING DATE(S) | COURT REPORTER |
|---|---|---|---|
| Pre-trial proceedings | Dlott | 02-11-04 | |

Testimony (specify witnesses) __I need Judge Dlott's ruling on my motion for immediate possession of the equipment immediately after the return of the jury verdict.__

Other (specify) _____

TRANSCRIPT OF THE FOLLOWING PROCEEDINGS WILL BE PROVIDED ONLY IF SPECIALLY AUTHORIZED. SEE ITEM 13 CJA FORM 24
Voir Dire ❏;   Opening statement of plaintiff ❏  defendant ❏;
Closing argument of plaintiff ❏    defendant ❏;
Jury instructions ❏;

**FAILURE TO SPECIFY IN ADEQUATE DETAIL THOSE PROCEEDINGS TO BE TRANSCRIBED, OR FAILURE TO MAKE PROMPT SATISFACTORY FINANCIAL ARRANGEMENTS FOR TRANSCRIPT, ARE GROUNDS FOR DISMISSAL OF THE APPEAL.**

**B.** This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the cost of the transcript. This method of payment will be:
- ❏ Criminal Justice Act (Attach copy of CJA from 24)
- ☑ Private Funds
Date __01/24/05__

Signature __Stella B. House__          Print Name __Stella B. House__          Counsel for __Jeff & Stace Hoop__

Address __PO Box 422, 224 Old Highway 421, Manchester, KY 40762__ Telephone __(606) 598-1485__

ALLOWANCE BY THE COURT OF LEAVE TO PROCEED IN FORMA PAUPERIS IN A CIVIL APPEAL
DOES NOT ENTITLE THE LITIGANT TO HAVE TRANSCRIPT AT GOVERNMENT EXPENSE.

---

**PART II.**   COURT REPORTER ACKNOWLEDGMENT (TO be completed by the Court Reporter and forwarded to the Court of Appeals within 10 days after receipt).

| Date transcript order received | Estimated completion date; if not within 45 days of date financial arrangements made, motion for extension to be made to Court of Appeals | Estimated number of pages |
|---|---|---|
| | | |

❏ Arrangements for payment were made on _____
❏ Arrangements for payment have not been made pursuant to FRAP (10(b)

| Date | Signature of Court Reporter | Telephone |
|---|---|---|

---

**PART III.**   NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE DISTRICT COURT (To be completed by court reporter on date of filing transcript in District Court and notification must be forwarded to Court of Appeals on the same date)

This is to certify that the transcript has been completed and filed with the District Court today.

_____ Actual Number of Pages          _____ Actual Number of Volumes

| Date | Signature of Court Reporter |
|---|---|

6CA-30