UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO – WESTERN DIVISION

| | | |
|---|---|---|
| Mark R. Hoop and Lisa J. Hoop | ) | CASE NO. C-100-869 |
| | ) | |
| | ) | JUDGE SUSAN J. DLOTT |
| Plaintiffs/Counterclaim Defendants | ) | |
| | ) | |
| v. | ) | **RESPONSE TO** |
| | ) | **MOTION FOR CONTEMPT** |
| Jeffrey W. Hoop, Stephen Hoop and Hoopsters Accessories, Inc. | ) | Timothy A. Magee, Esq. |
| | ) | 347 N. Main Street, Suite #3 |
| | ) | Bowling Green, OH 43402 |
| Defendants/Counterclaim Plaintiffs | ) | 419-353-1856 |
| | ) | |

Now comes Plaintiffs/Counterclaim Defendants, Mark R. Hoop and Lisa J. Hoop (hereafter "Plaintiffs") who hereby respond to Defendants/Counterclaim Plaintiffs Jeffrey W. Hoop, Stephen E. Hoop, and Hoopster Accessories, Inc. (hereafter "Defendants") motion for contempt as follows:

As is typical of Defendants, they have filed a Motion for Contemp unsupported by law or facts and without even a modicum of investigation prior to filing of the Motion. This is Defendant's third Motion for Contemp, the first two having been found to be without merit. This third Motion for Contempt is equally without merit, indeed, it is frivolous. Plaintiffs will be filing a Motion for Sanctions to accompany this response.

The gist of Defendants' most recent Motion for Contemp concerns the contention that Mark Hoop has violated the Court's order by withholding eagle fairing guards from Defendants. This allegation is based on an alleged unsworn statement of "Kevin Smith", a "friend" of yet another brother of Stephen Hoop, Michael Hoop. Mr. Smith allegedly "saw" eagle fairing guards

at Mark Hoop's shop in Cincinnati. The allegation contained in Defendants' Motion is not supported by an affidavit of Mr. Smith, or by any affidavit for that matter. For that fact alone, Defendants Motion should be stricken.

Furthermore, the only eagle fairing guards Mr. Smith could possibly have seen at Mark Hoops shop would be two unfinished, cracked, right sided guards (for different model years) that were discovered in Mark's shop behind a large filing cabinet that had to be moved due to a flooding at Mark's shop. **See** Exhibits A and B, affidavit of Mark Hoop and Charles Hoop. These two parts qualify as paperweights at best, and Defendants are more than welcome to them if they want them.

The larger point involved here is that Defendants and Defense Counsel made absolutely no investigation before filing yet another Motion for Contempt. Defendants and Defense Counsel's tactics are clear: harass Mark Hoop any way possible; run up attorney fees for Mr. Hoop, and; waste the Court's time. Enough, already.

The other allegation in Defendant's Motion is the implication that, via the internet, Mark Hoop is still marketing and selling eagle fairing guards in violation of the Court's order. Again, a modicum of investigation would have shown that this simply is not true. Defendants point to search engine results that lead to the American Aesthetics, Inc. website. These search engines are completely out of the control of Mark Hoop. If one views the actual American Aesthetics site, nowhere are eagle fairing guards advertised or sold or even referred to. **See** Exhibit A. Mark Hoop has not marketed or sold <u>any</u> eagle fairing guards since the Court's order, and has complied with that order since its inception.

Defendant's Motion for Contempt should be stricken as it is completely unsupported on its face, or in the alternative, denied in whole as unfounded. Plaintiffs will be filing a Motion for

Sanctions and attorney's fees under separate cover.

                                                Respectfully Submitted,

Alfred J. Mangels, Esq.
4729 Cornell Road
Cincinnati, Ohio 45241
(513) 469-0407
Co-counsel for Plaintiffs

Timothy A. Magee, Esq.
0066023
347 N. Main Street, suite #3
Bowling Green, Ohio 43402
Phone: 419.353.1856
Fax:    419.353.1858
Counsel for Plaintiff

**Certificate of Service**.
The foregoing document was mailed to Stella B. House, J.D., Post Office Box 422, Manchester, Kentucky 40962-0422, via ordinary mail on this 22nd day of April, 2005.

Timothy A. Magee, Esq.
Counsel for Plaintiff